JESSE LEE                                    CASE NO. 8:23-02996-VMC-AEP

      Plaintiff,

v.

CITY OF GULFPORT

      Defendants

## FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1. Plaintiff JESSE LEE files this suit pursuant to 42 U.S.C § 1983 against the CITY OF GULFPORT and JAMES O'REILLY for damages and declaratory and injunctive relief for past and ongoing injury to Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments of the U.S. Constitution.

### JURISDICTION & VENUE

2. This is an action for declaratory relief, damages and attorney's fees arising under 42 U.S.C.§§ 1983 and 1988.

3. This Court has jurisdiction over this dispute pursuant to 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and 28 U.S.C. §§ 1331, et. seq and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2201.

4. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b) and M.D. Loc. R. 1.04.

5. The acts, omissions and practices complained of herein occurred and will continue to occur in the Tampa Division of the Middle District of Florida.

**PARTIES**

<u>Plaintiff</u>

6. At all times relevant hereto, Plaintiff JESSE LEE ("LEE") was a resident of the City of Gulfport, a citizen of the United States of America and is otherwise sui juris.

7. LEE is a Latino man.

<u>Defendants</u>

8. Defendant CITY OF GULFPORT ("GULFPORT") is a municipal entity organized under the laws of the State of Florida, with the capacity to be sued.

9. The GULFPORT City Council sets final policy for GULFPORT.

10. GULFPORT is the legal entity responsible for the police department known as the Gulfport Police Department (GPD). This police department has the traditional authority of police forces to enforce Florida Statutes and GULFPORT ordinances and policies.

11. At all times material hereto, the acts, omissions, practices and the other conduct of GULFPORT were committed under the color of state or local law.

12. GULFPORT is sued for damages and injunctive and declaratory relief on the basis of acts of officers, agents, and employees of GULFPORT that were taken pursuant to official policy, practice, or custom.

13. JAMES O'REILLY (O'REILLY) at all times relevant hereto, was a citizen of the United States and a resident of the State of Florida. O'REILLIY is the City Manager for GULFPORT and is responsible for day-to-day operations of GULFPORT. LEE is

suing O'REILLY for O'REILLY's violations of LEE's constitutional rights and O'REILLY's retaliatory conduct taken against LEE under the color of state law.

**FACTUAL BACKGROUND**

**A. Gulfport's discriminatory treatment of non-white mobile food vendors.**

14. LEE moved to GULFPORT in October of 2018.

15. Having noticed several mobile food vendors operating in GULFPORT, in December of 2018 LEE began looking into opening a mobile vending business.

16. On January 15, 2019, LEE tried to apply for a permit from GULFPORT so that he could legally operate an Ice Cream Cart.

17. Although LEE had observed Food Trucks and Ice Cream Carts operating on city property in GULFPORT, LEE was told that he could not have a permit because mobile food vendors are not allowed in GULFPORT.

18. LEE was also told that the reason mobile food vendors were not allowed was because mobile food vending was not listed as a permitted use in any zoning district in GULFPORT.

19. Notably, all the mobile vendors operating in Gulfport at the time LEE sought a permit were white, and were freely allowed to operate without being ticketed or harassed, even without permits.

20. Throughout the remainder of 2019 LEE observed mobile Ice Cream vendors and Food Trucks operating throughout GULFPORT, all of whom were owned and operate by white people.

21. On June 9, 2020, LEE made a public records request for "any citations, tickets, court cases, call reports or warnings issued for anyone operating as a Mobile Food Vendor in violation of city ordinances in the last 5 years."

22. LEE learned no citations or warnings for mobile vending violations had been issued by GULFPORT in the prior 5 years.

23. In March of 2020 LEE, following an inspection, received a license from the State of Florida to operate a mobile food dispensing vehicle.

24. On June 13, 2020, LEE observed that a Pink Food Truck that was owned by a white person was in the middle of downtown GULFPORT, operating outside of a special event. A public records request revealed that the Pink Food Truck did not have any permit from GULFPORT or the state but was nonetheless allowed to operate.

25. On June 21, 2020, LEE attempted to operate his Ice Cream cart and was stopped an interrogated by GULFPORT police officers multiple times.

26. On July 1, 2020, a new state statute took effect which prevents municipalities, including GULFPORT, from requiring additional permits or licenses or fees as a condition for operating a mobile food dispensing vehicle within the municipality's jurisdiction. See § 509.102(2), Fla. Stat. ("Regulation of mobile food dispensing vehicles involving licenses, registrations, permits, and fees is preempted to the state. A municipality, county, or other local governmental entity may not require a separate license, registration, or permit other than the license required under s. 509.241, or require the payment of any license, registration, or permit fee other than the fee required under s. 509.251, as a condition for the operation of a mobile food dispensing vehicle within the entity's jurisdiction. A municipality, county, or other

local governmental entity may not prohibit mobile food dispensing vehicles from operating within the entirety of the entity's jurisdiction.")

27. On August 4, 2020, GULFPORT enacted Section 13-84, an ordinance authorizing mobile food dispensing vehicles to operate on public property or within public-right-of-way only in conjunction with special events sponsored or co-sponsored by GULFPORT, "subject to approval of the city council."

28. Mobile food dispensing vehicles owned by white people continue to operate on public property in GULFPORT without being cited by GULFPORT police.

29. A food truck called "The Pig & Pole" operated on public property in GULFPORT on September 26th, 2020, and October 16th, 2020.

30. The Pig & Pole did not operate in conjunction with any "special event."

31. No citations were issued to the owner of The Pig & Pole.

32. The owner of The Pig & Pole is white.

33. On October 27, 2020, LEE attempted to operate his Ice Cream cart on public property during the Gulfport Tuesday Morning Fresh Market and was ticketed by GULFPORT.

34. The police officer that told LEE he could not sell ice cream on October 27, 2020 had been told by James O'Reilly, the GULFPORT city manager, to tell LEE that the mobile vendor ordinance was going to be changed and amending the ordinance would result in LEE receiving even more tickets.

35. LEE was again ticketed by GULFPORT on November 3, 2020, when he attempted to operate his Ice Cream cart on public property within GULFPORT.

36. On March 7, 2021, a food truck was operating in GULFPORT. GULFPORT police did not ticket the operator of the food truck, who is white, allegedly because the police officers "did not see them exchanging money."

37. The police officers that ticketed LEE on two occasions did not see LEE exchanging money but nonetheless issued him two citations.

38. GULFPORT has routinely allowed mobile food dispensing vehicles owned by white persons to operate in GULFPORT on both public and private property but repeatedly denied LEE, a person of color, permission to operate his mobile food dispensing vehicle and issued him citations when he attempted to do so.

**B. Gulfport's Illegal Trespass Policy**

39. At all times relevant herein, GULFPORT had an official policy, custom and/or practice (hereinafter "Trespass Policy"), attached hereto and incorporated herein as Exhibit 1, whereby:

"*supervisors of individual city facilities are empowered to issue trespass warnings whenever they have reason to believe an individual has caused or is likely to cause a disruption of services or put the safety of staff or the public at risk.*"

40. A trespass warning is a statement that an individual must permanently depart and may not ever in the future enter GULFPORT property, backed up with a threat of arrest on charges of criminal trespass.

41. No further guidelines are provided to channel the discretion of authorized GULFPORT employees in determining whether an individual's conduct warrants the issuance of a Trespass Warning.

42. There is no requirement that an individual has advanced warning before being permanently banned from City property.

43. At all times material to this complaint, GULFPORT had no duly promulgated ordinance concerning the issuance of Trespass Warnings which permanently exclude citizens from City property.

44. At all times material to this complaint, GULFPORT did not provide a written notice to a trespassed individual specifying the reason an individual was issued a trespass warning banning him/her from public property.

45. At all times material to this complaint, GULFPORT had no meaningful appeal process whereby an individual could challenge a Trespass Warning which permanently excluding the individual from City property.

46. Entering public property in violation of a trespass warning issued by GULFPORT can result in arrest for violation of Florida's trespass after warning statute, §810.09 (Fla. Stat.)

47. A trespass warning that excludes an individual from a public space allows officers to arrest individuals for mere physical presence in a public place under circumstances when members of the general public are otherwise allowed to be there.

48. O'REILLY permanently banned LEE from GULFPORT's city hall and building department.

49. GULFPORT's trespass ban is unconstitutionally vague and vests unbridled discretion in GULFPORT employees.

50. It was necessary for LEE to hire undersigned counsel to file this lawsuit. LEE seeks the recovery of attorney's fees incurred in the pursuit of this action pursuant to 42 U.S.C § 1988(b).

51. As a direct and proximate result of GULFPORT's violations of his constitutionally protected rights, LEE suffered damages including loss of income and emotional distress.

### *LEE's Trespass from City Hall*

52. On or about September 1, 2020, LEE filed a Racial Discrimination Complaint with the GULFPORT City Manager's Office based upon differential treatment of Latino Mobile Food Vendors compared to similarly situated white Mobile Food Vendors.

53. The GULFPORT City Manager, Defendant O'REILLY, who is also the GULFPORT Human Rights Officer, forwarded the complaint to the City Attorney, stating that he, O'REILLY, would not be responding to LEE's complaint.

54. On September 4, 2020, three days after filing the discrimination complaint, LEE went to GULFPORT's Building Department to apply for a garage sale permit. The doors were locked and no one responded when LEE knocked.

55. LEE then went to CITY HALL and called GULFPORT's main phone number to request an application for a permit for a garage sale be walked out to him as the building was closed due to COVID restriction.

56. At no time on September 4, 2020 did LEE actually enter CITY HALL.

57. GULFPORT's receptionist told LEE that she had contacted the Building Department, and an application form would be brought out to him.

58. LEE returned to the Building Department, the director came out of the building and handed LEE the application.

59. While LEE was completing the application, the director was assisting another person.

60. LEE completed the application, but the director refused to accept it, stating that covid restrictions did not allow him to touch the application, and the application had to be put in a box on a table outside of the building department for three days.

61. The director accepted the other person's application, but refused to accept the application from LEE.

62. The director filmed the encounter with LEE using his cellular phone and took pictures of LEE's vehicle, but subsequently deleted the video and photographs.

63. LEE then returned to GULFPORT City Hall to use a phone outside City Hall which he mistakenly thought would connect him to the GULFPORT receptionist.

64. LEE intended to lodge a complaint against the director of the Building Department.

65. He picked up the phone, but placed it back on the cradle when two police cars arrived.

66. At the direction of O'REILLY, GULFPORT police officer Pope issued LEE an "indefinite" trespass warning indicating LEE could not return to GULFPORT's City Hall. The September 4, 2020 Trespass Warning is marked, attached hereto and incorporated by reference as Exhibit 2.

67. The Trespass Warning does not inform LEE of the conduct that allegedly caused him to be trespassed from City Hall, nor does it inform him of any process by which he could appeal the Trespass Warning.

68. LEE was told by Gulfport Police Seargent Vandenburg that the Trespass Warning was issued at the behest of the City Manager and City Attorney, and repeated several times that LEE would be arrested if he entered City Hall.

69. LEE was not notified verbally or in writing of any procedure by which he could appeal the Trespass Warning.

70. Subsequent to issuing LEE the trespass warning, GULFPORT police officers joked about placing wagers as to which one would have the pleasure of arresting LEE first.

71. On September 18, 2020 LEE reached out to Chief Vincent inquiring as to why he had been trespassed from City Hall.

72. According to Chief Vincent:

> *Any authorized person, as defined in Florida Statute 810.08 and 810.09, can issue a trespass warning for any reason or for no reason at all. When police are called to convey that warning on behalf of the authorized person, we do not ask for a reason; we just convey the message. When we do so, we do not write any reports, so I have no record to give you.*

73. As of the date of this filing, LEE remains permanently trespassed from the GULFPORT City Hall.

74. LEE has been threatened with arrest by GULFPORT police multiple times because of the trespass from City Hall.

75. LEE wishes to visit City Hall for innocent purposes under ordinary conditions that other members of the public visit those places and would like to exercise is constitutional right to peacefully protest outside of City Hall but due to GULFPORT's actions he has been permanently deprived of his liberty interest to visit public places of his choosing and to exercise his free speech rights of peaceful protest.

76. Upon information and belief O'REILLY caused the trespass warning to be issued in retaliation for LEE having filed a Racial Discrimination Complaint with the GULFPORT City Manager's Office three days earlier.

*LEE's Trespass from the City of Gulfport Building Department*

77. On September 14, 2021, O'REILLY had LEE trespassed from the GULFPORT Building Department. The September 14, 2021 Trespass Warning is marked, attached hereto and incorporated by reference as Exhibit 3.

78. Again, LEE was not informed of any act on his part that resulted in the trespass, nor was he informed of any procedure to appeal the trespass., but later learned he was trespassed because he asked fpr public records regarding tickets he had received.

79. On September 27, 2021, Chief Vincent sent LEE a message via Facebook messenger stating:

> "I would like to clarify for you once again, that neither of the trespass warnings you received for the city building were issued by police officers. They were issued by administration and merely delivered to you by police officers. You are correct that police officers may not issue trespass warnings absent a threat to public safety but such a restriction does not apply to the owner or manager or a property."

80. As of the date of this filing, LEE remains permanently trespassed from the GULFPORT Building Department and in fact the trespass has been broadened to include the entire GULFPORT municipal complex.

81. LEE wishes to visit the Building Department for innocent purposes under ordinary conditions that other members of the public visit those places, but due to GULFPORT's actions he has been permanently deprived of his liberty interest to visit public places of his choosing.

*LEE's Retaliatory Arrest at City of Gulfport Casino*

82. On April 27, 2023 LEE approached the entrance of the Gulfport Casino, a property owned by GULFPORT.

83. On April 27, 2023, the Gulfport Casino was being used by GULFPORT for an annual luncheon to honor city volunteers and workers.

84. LEE, unaware of the luncheon, approached the Gulfport Casino because he had seen a City Council member, Ian O'Hara on his scooter heading in the direction of the casino and wished to speak with O'Hara in order to make an appointment to meet with him in the future.

85. As LEE approached the Casino, he was informed that the casino was closed to the public because GULFPORT was hosting a "private event."

86. LEE moved away from the entrance and stepped off the deck of the Casino property and stood near the property steps while speaking with the Gulfport Chief of Police Robert Vincent, who was standing on the Casino deck.

87. LEE began recording the encounter with Chief Vincent as was his right to do in a public space where there is not a reasonable expectation of privacy.

88. Apparently unhappy with being recorded, Chief Vincent ordered LEE to move further from the Casino.

89. LEE was standing on public property that was not being used for the "private event" and stated he had a right to be on public property.

90. The location where LEE was standing was not part of the private event and has never been considered part of the area leased when an entity leases the Casino for private events.

91. LEE was not disrupting the event or impeding ingress and egress from the Casino in any way.

92. No other individuals other than LEE were asked to move away from the area.

93. LEE was arrested for allegedly violating ¶810.09(2)(b) Fla. Stat, trespass on property other than a structure or conveyance because he did not move further away from the Casino when commanded.

94. After his arrest LEE discovered he had been sent an email from Chief Vincent informing LEE that he was not welcome at the Casino on the 27th of April and would be trespassed and arrested should he refuse to leave. The April 27, 2023 email is marked, attached hereto and incorporate by reference as Exhibit 5.

95. Prior to the luncheon Gulfport City Council member Christine Brown's husband falsely reported to GULFPORT law enforcement that LEE and another Gulfport resident known for publicly criticizing GULFPORT were planning to "cause problems" at the event.

96. LEE was unaware of the event and had no intentions of "causing problems" at the event or disrupting the event in any way.

97. In response the report of the council member's husband, the city manager of Gulfport, Defendant O'REILLY directed police to ensure LEE was not allowed in the Casino, and directed that LEE be given a trespass warning and arrested if he did not capitulate to his exclusion.

98. LEE has frequently advocated against racial discrimination and suppression of speech by GULFPORT.

99. O'REILLY, city council members and local law enforcement are all aware of LEE's efforts to bring awareness to these issues.

100.    O'REILLY's directive to law enforcement was intended to prevent LEE from

discussing GULFPORT's pattern of racial discrimination and suppression of free

speech.

101.    On April 5, 2024 GULFPORT dropped the criminal charge that had been filed

against LEE for allegedly trespassing at the casino.


**COUNT ONE**
**Gulfport Denied and Continues to Deprive Lee of Equal Protection of the Law**
**by Preventing Him From Operating a Mobile Food Delivery Vehicle**

102.    LEE realleges and incorporates by reference as though fully set forth here

material facts contained in paragraphs 1-12 and 14-38.

103.    The Fourteenth Amendment to the United States Constitution, enforceable

pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within

its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

104.    Under the Equal Protection Clause of the Fourteenth Amendment, discrimination

based on race is presumptively unconstitutional and subject to heightened scrutiny.

105.    LEE, a Latino, is being treated less favorably by GULFPORT than white owners

of mobile food dispensing vehicles.

106.    White owners of mobile food dispensing vehicles are allowed to operate on public

and private property within GULFPORT.

107.    LEE has been harassed by GULFPORT police and repeatedly cited for attempting

to operate a mobile food dispensing vehicle that is fully licensed by the state of

Florida.

108.    GULFPORT intentionally treated LEE less favorably than similarly situated white persons seeking to operate mobile food dispensing vehicles within GULFPORT.

109.    LEE has been damaged by GULFPORT's intentional discriminatory treatment in that he has been unable to conduct business selling ice cream from his mobile food dispensing vehicle.

**COUNT TWO**
**Gulfport's Mobile Food Vendor Ordinance is Unconstitutionally Vague**

110.    LEE realleges and incorporates by reference as though fully set forth here material facts contained in paragraphs 1-12 and 14-38.

111.    The Due Process Clause of the 14th Amendment protects citizens from vague legislation.

112.    Section 13-84(2) of the City of Gulfport Code of Ordinances states:

> *Special event permits. Mobile food-dispensing vehicles may be permitted in public rights-of-way, or on public property, in conjunction with a special event permit as regulated in this section. Operation of mobile food-dispensing vehicles on public property or within public rights-of-way for special events is permitted, subject to approval of the city council.*

113.    Section 13-84(2) contains no standards whatsoever to govern the city council's determination as to whether a specific mobile food-dispensing vehicle will be allowed to operate on public property "in conjunction with a special use permit."

114.    LEE has been repeatedly denied permission to operate his mobile food-dispensing vehicle on city property in conjunction with a special event.

115.    LEE has been cited for attempting to operate his mobile food-dispensing vehicle on city property in conjunction with a special event.

116.    GULFPORT has proffered no explanation as to why LEE has been denied

permission to operate his mobile food-dispensing vehicle on city property in

conjunction with a special use permit.

117.    GULFPORT has not explained what steps LEE could take to be given permission

to operate his mobile food-dispensing vehicle on city property in conjunction with a

special use permit.

118.    Section 13-84(2) is unconstitutionally vague because it grants unbridled discretion

to the GULFPORT city council. The challenged ordinance provides no standards by

which the GULFPORT city council may permit mobile food vendors to operate and

allows arbitrary and capricious decisions because the city council may grant or deny

permission for any reason or no reason at all.

119.    LEE has been damaged by GULFPORT's arbitrary and capricious application of

Section 13-84(2), which is unconstitutionally vague.

120.    As a direct and proximate result of GULFPORT's application of Section 13-84(2)

to LEE, he has suffered and continue to suffer irreparable harm for which there is no

adequate remedy at law.

**COUNT THREE**
**(Against GULFPORT and O'REILLY)**
**Permanently Banning Lee from City Hall pursuant to Gulfport's Trespass**
**Policy violates the Substantive Due Process Clause of the Fourteenth**
**Amendment (42 U.S.C. §1983)**

121.    LEE realleges and incorporates by reference as though fully set forth here

material facts contained in paragraphs 1-13 and paragraphs 39-76.

122.    GULFPORT's Trespass Policy, on its face and as-applied to LEE, violates the

affirmative right to substantive due process.

123.    Under color of state law and through municipal policy or custom, Defendants have intentionally deprived and continue to intentionally deprive LEE of his right to substantive due process of law under the Fourteenth Amendment.

124.    LEE possesses a fundamental liberty interest, protected by the Due Process Clause, in entering and remaining in public places like City Hall that are open to the public generally.

125.    GULFPORT's policy of permanently banning individuals from public places unconstitutionally infringes upon that fundamental liberty interest because it burdens that interest but is not narrowly tailored to advancing a compelling governmental interest.

126.    LEE is required to forfeit his right to visit public places in GULFPORT to avoid future arrest for trespass after warning due to GULFPORT's actions.

127.    By permanently banning LEE from Gulfport City Hall, Defendants have violated LEE's constitutional right to Substantive Due Process.

128.    Defendants' conduct, as described herein, was done maliciously, with unlawful purpose to cause such damage and loss without right or justifiable cause, thereby warranting punitive damages against O'REILLY.

129.    As a direct and proximate result of Defendants' violation of his constitutional rights, LEE has and will continue to suffer harm, including emotional distress.

130.    As a direct and proximate result of Defendants' enforcement of GULFPORT's Trespass Policy, LEE suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

**COUNT FOUR**
**(Against GULFPORT and O'REILLY)**

### Permanently Banning Lee from Gulfport's Building Department pursuant to Gulfport's Trespass Policy violates the Substantive Due Process Clause of the Fourteenth Amendment (42 U.S.C. §1983)

131.    LEE realleges and incorporates by reference as though fully set forth here material facts contained in paragraphs 1-13, paragraphs 39-51, and paragraphs 77-81.

132.    GULFPORT's Trespass Policy, on its face and as-applied to LEE, violates the affirmative right to substantive due process.

133.    Under color of state law and through municipal policy or custom, Defendants have intentionally deprived and continue to intentionally deprive LEE of his right to substantive due process of law under the Fourteenth Amendment.

134.    LEE possesses a fundamental liberty interest, protected by the Due Process Clause, in entering and remaining in public places like the GULFPORT Building Department that are open to the public generally.

135.    GULFPORT's policy of permanently banning individuals from public places unconstitutionally infringes upon that fundamental liberty interest because it burdens that interest but is not narrowly tailored to advancing a compelling governmental interest.

136.    By permanently banning LEE from Gulfport's Building Department, Defendants have violated LEE's constitutional right to Substantive Due Process.

137.    LEE is required to forfeit his right to visit public places in GULFPORT to avoid future arrest for trespass after warning due to the GULFPORT's actions.

138.    Defendants' conduct, as described herein, was done maliciously, with unlawful purpose to cause such damage and loss without right or justifiable cause, thereby warranting punitive damages against O'REILLY.

139.    As a direct and proximate result of GULFPORT's violation of his constitutional rights, LEE has and will continue to suffer harm, including emotional distress.

140.    As a direct and proximate result of GULFPORT's enforcement of its Trespass Policy, LEE suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.


## COUNT FIVE
### (Against GULFPORT and O'REILLY)

### Violation of 42 U.S.C. § 1983 First Amendment Retaliation

141.    LEE realleges and incorporates by reference as though fully set forth here material facts contained in paragraphs 1-13 and 82-101.

142.    LEE has been an outspoken critic of GULFPORT's treatment of people of color and GULFPORT's handling of free speech.

143.    Because of LEE's criticism of GULFPORT and its policies, GULFPORT and O'REILLY had a premeditated plan to arrest LEE if he was present at the Gulfport Casino on April 23, 2023.

144.    LEE's right to film government officials, including law enforcement officers, in the discharge of their duties in a public space is a basic, vital, and well-established liberty safeguarded by the First Amendment.

145.    The time, place, and manner of LEE's video recording of the Police Chief was reasonable and thus afforded constitutional protection under the 1st Amendment.

146.    Other individuals have recorded the conduct of police officers in GULFPORT and not been arrested.

147.    LEE's arrest was not based upon any legitimate concern for safety or property but rather LEE's lengthy history of criticizing GULFPORT.

148.    Had LEE not been a vocal critic of GULFPORT and GULFPORT's treatment of minorities he never would have been arrested for his wholly benign conduct on April 23, 2023.

149.    LEE's frequent criticism of GULFPORT was a substantial and motivating factor in his arrest on April 23, 2024. Defendants cannot demonstrate by clear and convincing evidence that they would have taken the adverse action against LEE even absent the protected speech.

150.    As a direct and proximate result of LEE's criticisms, GULFPORT and Defendant O'REILLY retaliated against LEE for engaging in protected speech by subjecting him to retaliatory arrest.

151.    Defendants' conduct, as described herein, was done maliciously, with unlawful purpose to cause such damage and loss without right or justifiable cause, thereby warranting punitive damages against O'REILLY.

152.    As a direct and proximate result of Defendants' violation of his constitutional rights, LEE has and will continue to suffer harm, including emotional distress.

**COUNT SIX**
**(Against GULFPORT and O'REILLY)**
**Defendants' Permanent Ban of Lee from the Gulfport City Hall violates the Procedural Due Process Clause of the Fourteenth Amendment**

153.    LEE realleges and incorporates by reference as though fully set forth here material facts contained in paragraphs 1-13 and 39-81.

154.    GULFPORT's Trespass Policy, on its face and as applied to LEE, violates the affirmative right to procedural due process.

155.    Under color of state law and through municipal policy or custom, Defendants have deprived and continues to deprive LEE of his right to procedural due process of law under the Fourteenth Amendment.

156.    LEE possesses a fundamental liberty interest, protected by the Due Process Clause, in entering and remaining in public places like City Hall that are open to the public generally.

157.    On September 4, 2020, at O'REILLY's behest LEE was given a "Trespass Warning" excluding him indefinitely from GULFPORT City Hall under threat of arrest.

158.    GULFPORT's Trespass Policy applicable on September 4, 2020 did not contain any procedures for a hearing to appeal the imposition of an exclusion from municipal property.

159.    LEE was not provided instructions on how to appeal the Trespass Warning permanently excluding him from the GULFPORT City Hall.

160.    LEE has not had the opportunity to challenge the validity of the Trespass Warning.

161.    LEE has not had the opportunity for a review of the duration that the Trespass Warning that prohibits him from being at the GULFPORT City Hall will remain in effect.

162.    GULFPORT's Trespass Policy violates procedural due process as it does not provide either a pre- or post-deprivation hearing process for individuals to challenge their exclusion from municipal property.

163.    GULFPORT's Trespass Policy violates LEES's right to procedural due process as it deprives him of constitutionally protected interests without constitutionally adequate process.

164.    Defendants' conduct, as described herein, was done maliciously, with unlawful purpose to cause such damage and loss without right or justifiable cause, thereby warranting punitive damages against O'REILLY.

165.    As a direct and proximate result of Defendants' enforcement of GULFPORT's Trespass Policy, LEE suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

### COUNT SEVEN
### (Against GULFPORT and O'REILLY)

**Permanently Banning Lee from Gulfport's Building Department pursuant to Gulfport's Trespass Policy violates the Procedural Due Process Clause of the Fourteenth Amendment**

166.    LEE realleges and incorporates by reference as though fully set forth here material facts contained in paragraphs 1-12, paragraphs 39-51, and paragraphs 77-81

167.    GULFPORT's Trespass Policy, on its face and as applied to LEE, violates the affirmative right to procedural due process.

168.    Under color of state law and through municipal policy or custom, GULFPORT and O'REILLY have deprived and continue to deprive LEE of his right to procedural due process of law under the Fourteenth Amendment.

169.    LEE possesses a fundamental liberty interest, protected by the Due Process Clause, in entering and remaining in public places like the city's Building Department that are open to the public generally.

170. On September 14, 2021, at O'REILLY's behest, LEE was given a "Trespass Warning" excluding him permanently from GULFPORT's Building Department under threat of arrest.

171. GULFPORT's Trespass Policy does not contain any procedures for a hearing to appeal the imposition of an exclusion from municipal property.

172. LEE was not provided instructions on how to appeal the Trespass Warning excluding him from the GULFPORT Building Department.

173. LEE has not had the opportunity to challenge the validity of the Trespass Warning.

174. LEE has not had the opportunity for a review of the duration that the Trespass Warning that prohibits him from being at the GULFPORT Building Department will remain in effect.

175. GULFPORT's Trespass Policy violates procedural due process as it does not provide either a pre- or post-deprivation hearing process for individuals to challenge their exclusion from municipal property.

176. As a direct and proximate result of Defendants' enforcement of GULFPORT's trespass Policy, LEE suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

177. Defendants' conduct, as described herein, was done maliciously, with unlawful purpose to cause such damage and loss without right or justifiable cause, thereby warranting punitive damages against O'REILLY.

178.   GULFPORT's Trespass Policy violates LEES's right to procedural due process as it deprives him of constitutionally protected interests without constitutionally adequate process.


## COUNT EIGHT
### (Against GULFPORT and O'REILLY)

**Gulfport's Trespass Policy is void for vagueness in violation of the Procedural Due Process Clause of the Fourteenth Amendment**

179.   LEE realleges and incorporates by reference as though fully set forth here material facts contained in paragraphs 1-12, and paragraphs 39-81.

180.   Under color of state law and through municipal policy or custom, GULFPORT and O'REILLY have deprived and continues to deprive LEE of his right to procedural due process of law under the Fourteenth Amendment.

181.   GULFPORT has a policy, custom and/or practice (hereinafter "Trespass Policy") whereby:

"*supervisors of individual city facilities are empowered to issue trespass warnings whenever they have reason to believe an individual has caused or is likely to cause a disruption of services or put the safety of staff or the public at risk.*"

182.   No standards are established to guide authorized employees in determining whether an individual "has caused or is likely to cause a disruption of services or put the safety of staff or the public at risk."

183.   No standards are established to warn individuals of what conduct may be considered to have caused disruption of services or put the safety of staff or the public at risk.

184.   No standards are established to warn individuals of what conduct places them in the category of being "likely" to cause a disruption of services or put the safety of staff or the public at risk.

185.   LEE was not cited or arrested for any criminal violation at the time of his Trespass Warning from the GULFPORT City Hall.

186.   LEE was not cited or arrested for any criminal violation at the time of his Trespass Warning from the GULFPORT Building Department.

187.   GULFPORT's Trespass Policy fails to establish minimal guidelines for GULFPORT officials and police officers to determine when an individual "has caused or is likely to cause a disruption of services or put the safety of staff or the public at risk" and is therefore unconstitutionally vague.

188.   GULFPORT's Trespass Policy is unconstitutionally vague, and vests unbridled discretion in GULFPORT employees.

189.   Defendants application of GULFPORT's Trespass Policy to LEE violated his constitutional right to Due Process.

190.   As a direct and proximate result of enforcement of its Trespass Policy, LEE suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

191.   LEE is entitled to a declaration pursuant to 28 U.S.C. §2201 that his rights arising under the Constitution have been violated by the actions of Defendants and that the GULFPORT trespass policy is unconstitutionally vague.

**COUNT NINE**

**Declaratory Relief-Mobile Food Vendor Ordinance**

192.     LEE realleges and incorporates by reference as though fully set forth here

material facts contained in paragraphs 1-12, and paragraphs 14-38.

193.     GULFPORT has deprived LEE of his federal constitutional rights, causing him

irreparable harm.

194.     GULFPORT's continued enforcement of Section 13-84(2) of the City of Gulfport

Code of Ordinances threatens further violation of that same right.

195.     LEE is entitled to a declaration pursuant to 28 U.S.C. §2201 that his rights arising

under the Constitution have been violated by the actions of GULPORT and that

Section 13-84(2) of the City of Gulfport Code of Ordinances is facially

unconstitutional and unconstitutional as applied to LEE.

**COUNT 10**
**Declaratory Relief-Trespass Policy**

196.     LEE realleges and incorporates by reference as though fully set forth here

material facts contained in paragraphs 1-12, and paragraphs 39-81.

197.     Defendants have deprived LEE of his federal constitutional rights, causing him

irreparable harm.

198.     Through continued enforcement of its Trespass Policy GULFPORT threatens

further violation of that same right.

199.     LEE is entitled to a declaration pursuant to 28 U.S.C. §2201 that his rights arising

under the Constitution have been violated by the actions of GULFPORT and that

GULFPORT's Trespass Policy is facially unconstitutional and unconstitutional as

applied to LEE.

**COUNT 11**
**Injunctive Relief- Illegal Trespass Warnings**

200. LEE realleges and incorporates by reference as though fully set forth here material facts contained in paragraphs 1-13, and paragraphs 39-81.

201. LEE continues to be deprived of his constitutional rights under the Due Process Clause of the Fourteenth Amendment, causing him irreparable harm and threatening additional, immediately impending irreparable injuries.

202. Defendants continue to prevent LEE from returning to the GULFPORT City Hall and Building Department through enforcement of its Trespass Policy in violation of 42 U.S.C § 1983.

203. LEE is thus entitled to an injunction preventing GULFPORT and its agents, employees and any other persons or entities acting on their behalf, from further enforcement of the Trespass Warnings issued to him.

## COUNT 12
### Injunctive Relief-Preclusion of Mobile Food Vending

220. LEE realleges and incorporates by reference as though fully set forth here material facts contained in paragraphs 1-12, and paragraphs 14-38.

221. LEE continues to be deprived of his constitutional rights under the Due Process Clause of the Fourteenth Amendment, causing him irreparable harm and threatening additional, immediately impending irreparable injuries.

222. GULFPORT continues to prevent LEE from operating as a mobile food vendor through enforcement of its unconstitutionally vague ordinance, Section 13-84(2) of the City of Gulfport Code of Ordinances, in violation of 42 U.S.C § 1983.

223. LEE is thus entitled to an injunction preventing GULFPORT and its agents, employees and any other persons or entities acting on their behalf, from further enforcement Section 13-84(2) of the City of Gulfport Code of Ordinances.

**Attorney's Fees and Costs**

204.     It was necessary for LEE to hire undersigned counsel to file this lawsuit. LEE

seeks the recovery of attorney's fees incurred in the pursuit of this action pursuant to

42 U.S.C § 1988(b).

205.     LEE seeks recovery of his expenses and court costs pursuant to 28 U.S.C § 1920.

**Damages**

206.     As a direct and proximate result of GULFPORT's violations of his

constitutionally protected rights, LEE has suffered damages including and emotional

distress.

**Jury Demand**

207.     LEE demands a trial by jury.


**Prayer for Relief**

208.     Plaintiff JESSE LEE asks for judgment against the Defendant CITY OF

GULFPORT for the following:

A.  A declaration that GULFPORT's policy and practice of treating white Mobile

Food Vendors more favorably than Latino Mobile Food Vendors violated LEE's

rights under the Equal Protection Clause of the Fourteenth Amendment to the

United States Constitution;

B.  A declaration that the enforcement of Section 13-84(2) of the City of Gulfport Code of Ordinances as discussed above violates the Fourteenth Amendment to the United States Constitution;

C.  A declaration that Defendants' policy of permanently banning individuals from municipally owned property through the use of "Trespass Warnings" violates the Fourteenth Amendment to the United States Constitution;

D.  Injunctive relief barring GULFPORT from continuing to issue citations to Plaintiff for operating his mobile food dispensing vehicle;

E.  Injunctive relief barring GULFPORT from denying Plaintiff permission to operate his mobile food dispensing vehicle in conjunction with special events;

F.  Injunctive relief barring Defendants from continuing to exclude Plaintiff from any municipally owned property;

G.  Injunctive relief barring Defendants from arresting individuals for trespass after warning under Section 810.09 Fla. Stat. pursuant to trespass warnings previously issued for public property under Defendants' unconstitutional "Trespass Policy;"

H.  Compensatory damages and damages for denial of equal protection of the law, due process and retaliatory arrest;

I.  Pre-judgment and post-judgment interest;

J.  Reasonable attorney's fees;

K.  For such other relief the Court deems just and proper.


Respectfully submitted this 12th day of August, 2024.

MARCY I. LAHART, P.A.
BY: /s/ Marcy LaHart

Marcy I. LaHart, Esq.
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
249 SE Tuscawilla Road
Micanopy, FL 32667
(352) 545-7001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of August, 2024 a true and correct copy of the foregoing has

been furnished via CM/ECF electronic mail service to the Clerk of the Court who will send electronic

notice to all counsel of record and pro se litigants.

BY: /s/ Marcy LaHart
Marcy LaHart, Esq.