UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE LEE,                                                    CASE NO. 8:23-02996-VMC-AEP

    Plaintiff,

v.

CITY OF GULFPORT,

    Defendant.

## PLAINTIFF JESSE LEE'S RESPONSE IN OPPOSITION TO DEFENDANT JAMES OREILLY'S MOTION TO DISMISS

Plaintiff JESSE LEE ("LEE"), by and through undersigned counsel, responds to the Defendant JAMES OREILLY's ("OREILLY") Motion to Dismiss [DE 49] as follows:

## INTRODUCTION

LEE, a Hispanic citizen of the CITY OF GULFPORT ("GULFPORT") has initiated a legal action ("Amended Complaint") [DE 28] against GULFPORT and its City Manager OREILLY challenging the constitutionality of trespass warnings LEE received at the behest of OREILLY which preclude LEE from visiting City Hall "indefinitely" and GULPORT's Building Department "permanently." LEE was not given any advanced warning or asked to leave either place before being issued the trespass warnings. The trespass warnings do not indicate what alleged conduct resulted in the trespass warnings being given, nor do they inform LEE of any right of appeal. [DE 28 ¶ 39-81] LEE's amended complaint also alleges equal protections violations based upon GULFPORT's disparate treatment of white mobile food vendors, [DE 28 ¶ 14-38] and contains a claim for retaliatory arrest for LEE's arrest for "trespassing" at the GULFPORT Casino, a charge that was later dismissed. [DE 28 ¶ 82-91]

OREILLY has apparently confused a Motion to Dismiss with an appellate brief. His Motion to Dismiss contains a lengthy "Statement Of The Case" [DE 47 at 2-8] which improperly denies the factual allegations in LEE's Amended Complaint and makes contrary factual allegations. *In re Fieldwood Energy Llc, Nos*. 20-33948, 22-3251, 2023 Bankr. LEXIS 1301, at *5 (Bankr. S.D. Tex. May 16, 2023)("A motion to dismiss should not allege new facts; rather, it should explain why the complaint should be dismissed if the court accepts the plaintiff's well-pleaded facts.")

OREILLY's Motion to Dismiss also lumps LEE's claims for violation of his substantive and procedural due process together and asserts LEE fails to state a claim for either because LEE "has not established that he was doing anything that would amount to his exercising a fundamental liberty interest, nor has he alleged facts that would support that his right to procedural due process was violated." [DE 49 at 14]

The Motion to Dismiss also claims that LEE has failed to state a claim for retaliatory arrest because Defendant denies the veracity of LEE's claims regarding his arrest at the Gulfport Casino and because LEE failed to identify any "similarly situated" individual engaging filming the Chief of Police at the Casino that was not arrested. [DE 49 at 7, 19]

Finally, OREILLY asserts that LEE's claims for violation of his substantive and procedural due process rights are "moot" because the policy under which LEE was trespassed has now been replaced by an ordinance enacted more than five months after this suit was initiated. [DE 49 at 22]

## MOTION TO DISMISS STANDARD

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not reach the merits of the case. *Milburn v. United*

*States,* 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court accepts factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).

The Court limits its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The only documents that can be considered are "the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). See also *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir.1997) (per curiam) ("[A]nalysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto."), *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)(Courts must restrict their consideration "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.")

## RESPONSE TO OREILLY'S "STATEMENT OF THE CASE"

This Court's analysis of OREILLEY's Motion to Dismiss is restricted to the facts pled in LEE's Amended Complaint, all of which must be accepted as true and construed in his favor. *Sardegna v. Hernando Cty.*, No. 8:19-cv-2902-T-33JSS, 2020 U.S. Dist. LEXIS 269187, at *3 (M.D. Fla. Feb. 21, 2020) (On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff.) *citing Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Nonetheless, OREILLY devotes more than six pages of his motion to a "Statement Of The Case" which contradicts the factual allegations averred in LEE's Amended Complaint.

For example, LEE's vagueness challenge to GULPORT's ordinance requiring approval of the City Council to operate a mobile food-dispensing vehicle on City property has been pending for almost ten months, as has LEE's equal protection claim against based upon differential treatment of similarly situated white vendors and vendors of color. OREILLY alleges for the first time in this litigation that LEE misunderstands the State of Florida's mobile food vendor regulatory scheme, and LEE's alleged lack of understanding "has fueled this litigation." [DE 47 at 3] LEE was, according to OREILLY, cited while similarly situated white vendors were not because the white vendors "already had food truck permits from DBPR, or were not operating in the WRD, CL-1 or CL-2 districts.[1]" [DE 47 at 6] However, the Amended Complaint clearly alleges that "[a] public records request revealed that the Pink Food Truck **did not have any permit from GULFPORT or the state** but was nonetheless allowed to operate." [DE 28 ¶ 24] (emphasis added) OREILLY fails to accept as true the facts as plead. Notwithstanding OREILLY's hunch that LEE's ice-cream cart is really a "food truck" for state regulatory purposes, OREILLEY's motion fails to establish that LEE has not stated grounds for his vagueness and equal protection claims. OREILLY does not even advance that argument.

OREILLY also asserts in his "Statement of the Case" that based on LEE's alleged misunderstanding of the regulatory scheme applicable to mobile food vehicles LEE "filed a racial discrimination complaint with the City" and then returned "three days later to file a complaint against the director of the Building Department." LEE's conduct in so doing was protected by both the First and Fourteenth Amendment privilege to petition government and the Florida common-law privilege to petition government. See *Cal. Motor Transp. Co. v. Trucking*

---

[1] The motion fails to explain what WRD, CL-1 or CL-22 districts are, although apparently the acronyms refer to designations of zoning districts.

*Unlimited*, 404 U.S. 508, 513 (1972) (petitioning of government is immune unless nothing more than a "sham"); *Fridovich v. Fridovich*, 598 So. 2d 65 (Fla. 1992) (Florida recognizes privilege to petition government).

The "Statement of the Case" then responds to LEE's retaliatory arrest claim that by expressing doubt as to the veracity of LEE's factual allegations that he did not receive an email from GULFPORT's Chief of Police informing him he was persona non grata at the Gulfport Casino until after he was arrested and that he was unaware that the GULFPORT volunteer appreciation luncheon was taking place. According to OREILLY:

> Plaintiff claims that he had no idea the private event was taking place and "had no intentions of 'causing problems' at the event or disrupting it in any way," despite a demonstrated tendency to do so at events and locations not open to the public for comments or inquiries.

No factual allegations regarding LEE's "demonstrated tendencies" are alleged in the Amended Complaint, which is the only proper focus of a motion to dismiss. The portion of the "Statement of the Case" directed at LEE's retaliatory arrest claim is nothing more than speculation and a gratuitous character assassination.

### LEE HAS STATED A CAUSE OF ACTION FOR VIOLATION OF HIS RIGHT TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS

In the second section of OREILLY's Motion to Dismiss, he lumps LEE's claims for violation of substantive and procedural due process claims together and concludes LEE has not stated a cause of action for either because LEE has not identified "any protected liberty interest," repeating GULFPORT's sophistic mantra that "Plaintiff has no liberty interest, let alone a fundamental liberty interest, in entering and remaining in City Hall, or the connected Building

5

Department, <u>without restrictions</u>."(emphasis added)  Defendants' oft repeated sophistry fails to overcome the fact that LEE has <u>never alleged</u> he has a right to enter or remain in any facility owned or controlled by GULFPORT "without restrictions."

**A. LEE has alleged that he has been deprived of a protected liberty interest.**

While substantive and procedural due process claims are distinct causes of action, both require a would-be plaintiff to identify a "constitutionally-protected liberty or property interest." Contrary to OREILLY's assertion, LEE does have a constitutionally protected right to access city properties that are open to the public, including City Hall.  See *Sheets v. City of Punta Gorda*, 415 F. Supp. 3d 1115, 1127 (M.D. Fla. 2019) ("Plaintiffs have a constitutionally protected liberty interest to be in parks or other city lands of their choosing that are open to the public generally. This right is likely extended to City Hall.") (internal citation omitted) *citing Cuellar v. Bernard*, No. SA-13-CV-91-XR, 2013 U.S. Dist. LEXIS 43145, 2013 WL 1290215, at *4-5 (W.D. Tex. Mar. 27, 2013).

LEE's Amended Complaint alleges remarkably similar facts to the situation addressed in *Cuellar v. Bernard, Id*., in which a former city employee challenged the constitutionality of a trespass notice which was effective immediately and was to remain in effect indefinitely. *Id.* at **3-4. The trespass notice, like the ones challenged by LEE, were issued without opportunity for a hearing or other meaningful process. The trespass notice banned a former city employee from certain city-owned or leased property or buildings, including City Hall. *Id.* at *4. The district court found the former employee was entitled to a preliminary injunction to prevent enforcement of the trespass notice *because the former employee was not afforded a meaningful opportunity to be heard before the criminal trespass notice was issued*. *Id.* at 11-1.  (emphasis added). The cases identified in OREILLY's string citations may support the Defendants' sophistic mantra

6

that access to public places may be subject to reasonable restrictions, the cases do not support the assertion that OREILLY was free to trespass LEE from city buildings indefinitely or permanently, and without advances warning, explanation or an opportunity to be heard, simply because the subject city properties are "office buildings."

The right of a citizen to be on municipally owned properties that are open to the public is unquestionably a constitutionally protected liberty interest. *See Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Citizens "have a constitutionally protected liberty interest to be in parks or on city lands of their choosing that are open to the public generally." *Id.*; *see also City of Chicago v. Morales*, 527 U.S. 41, 54 (1999) (recognizing that "the freedom to loiter for innocent purposes is part of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment" and stating "an individual's decision to remain in a public place of his choice is as much a part of his liberty as the freedom of movement inside frontiers that is 'a part of our heritage,' or the right to move 'to whatsoever place one's own inclination may direct.'").

**B. LEE has alleged procedural due process violations.**

To pursue a procedural due process claim, a plaintiff must show "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (citation omitted) LEE meets the first prong because LEE has alleged sufficient facts to establish he has been deprived of his protected liberty interest in being present in public spaces in Gulfport. LEE also meets the second prong, he has alleged that the deprivation of his protected liberty interest is a result of state action, and neither defendant even attempted to argue to the contrary. Finally, LEE meets the third prong because he has also alleged that he was not told of

any alleged conduct that resulted in the trespass warnings, nor was he provided with notice and an opportunity to be heard before he was deprived of his interest in being present in and remaining in public spaces in Gulfport. Similar deficiencies were found in *Catron* to constitute a due process violation. Accordingly, LEE has stated a cause of action for unconstitutional deprivation of his right to procedural due process.

**C. LEE has alleged substantive due process violations.**

To state a substantive due process claim, a plaintiff must allege (1) a deprivation of a constitutionally-protected interest, and (2) that "the deprivation was the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation." *Executive 100, Inc. v. Martin Cnty.*, 922 F.2d 1536, 1541 (11th Cir. 1991) (quoted in *Hoefling v. City of Miami*, 811 F.3d 1271, 1282 (11th Cir. 2016). A substantive due process claim must involve state conduct that "'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento v. Lewis*, 523 U. S. 833, 847 (1998).

As discussed above, LEE has complied with the first prong because the principle that an individual possesses a constitutionally protected liberty interest in remaining in a public place of his or her choosing is well-established. *Vincent v. City of Sulphur*, 28 F. Supp. 3d 626, 638 (W.D. La. 2014), citing *Kennedy v. City of Cincinnati*, 595 F.3d 327 (6th Cir. 2010).

OREILLY asserts that LEE "merely challenges a nonexistent policy of permanently banning individuals from public places." [DE 47 at 16] According to the Motion to Dismiss:

> The City has no such policy, nor does Mr. O'Reilly. Instead, a desire to trespass Plaintiff from City Hall, a limited public forum, was communicated to police on September 4, 2020, due to Plaintiffs (sic) verbally disruptive and aggressive behavior towards City staff, and the police handled that matter from there.

The Amended Complaint is replete with assertions, which must be accepted as true at the stage of a motion to dismiss, that OREILLY had LEE trespassed permanently based upon GULFPORT's policy of permanently banning individuals from public places. It is apparently lost on OREILLY that even if a Gulfport police officer rather than the OREILLY determined the duration of the trespass warnings, the determination was still made by a GULFPORT employee and pursuant to an arbitrary and oppressive policy that violates LEE's right to substantive due process. *See Sheets v. City of Punta Gorda, Id. at* 1127, ("the City can exclude trespassers and people causing disruptions with a geographic-and *time-limited trespass warning* without violating a protected liberty interest.) OREILLY has not cited a single case upholding a government's right to permanently bar a person from municipally owned property via a trespass warning, even if there were adequate standards in place and a right to hearing.

LEE's permanent/indefinite trespasses from City Hall and the Building Department, issued without explanation as to the factual basis and without a right to appeal, are so blatantly unconstitutional as to be "conscience shocking." OREILLY, like GULFPORT, has failed to articulate any rational basis for permanently banning an individual not convicted or even charged with a crime or civil infraction from city owned property. LEE has stated a cause of action for violation of his right to substantive due process.

**D. OREILLY has no claim to Qualified Immunity**

OREILLY's asserts that he is entitled to Qualified Immunity because "there was no clear violation of an established constitutional right alleged." To overcome a claim of qualified immunity, a plaintiff must plead facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged

9

conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080, (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982).

At least three Courts of Appeals, including the 11th Circuit Court of Appeals, have followed *City of Chicago v. Morales*, *Id*. and acknowledged a liberty interest to remain in a place open to the public. *See Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) ("Plaintiffs have a constitutionally protected liberty interest to be in parks or on other city lands of their choosing that are open to the public generally."); *Vincent v. City of Sulphur*, 805 F.3d 543, 548 (5th Cir. 2015) ("Supreme Court decisions amply support the proposition that there is a general right to go to or remain on public property for lawful purposes...."); *Kennedy v. City of Cincinnati*, 595 F.3d 327, 336 (6th Cir. 2010) ("[I]t is clear that Kennedy had a liberty interest 'to remain in a public place of his choice' and that defendants interfered with this interest."). Existing legal precedents clearly establish that a person cannot be trespassed from city property without due process even temporarily, let alone permanently.

## LEE HAS STATED A CLAIM FOR RETALIATORY ARREST

To bring a First Amendment claim for retaliation, a plaintiff generally must show: (1) he "engaged in constitutionally protected speech," (2) "the defendant's retaliatory conduct adversely affected that protected speech," and (3) "a causal connection exists between the defendant's retaliatory conduct and the adverse effect on the plaintiff's speech." *Jennings v. Smith*, No. 23-14171, 2024 U.S. App. LEXIS 24513, at *12 (11th Cir. Sep. 27, 2024) According to OREILLY, "Plaintiff needs to allege that others have been warned that an event is a private event not open to the public, asked to leave, and nevertheless still remained there on the curtilage of the property at which the event was occurring, all while filming those asking them to leave, without being

10

arrested" to obviate what OREILLY alleges was "probable cause" for LEE's arrest.[2] [DE 47 at 20]

In stating a claim for retaliatory arrest LEE is not in fact obliged to identify other individuals that were not arrested even though those individuals were simultaneously videotaping Gulfport's Chief of Police at the time LEE was arrested and were doing so after being warned that a private event was being held and told to leave. The Amended Complaint alleges that "the location where LEE was standing was not part of the private event and has never been considered part of the area leased when an entity leases the Casino for private events." [DE 28 ¶ 90] LEE had been emailed by GULFPORT's Police Chief prior to the auspicious Gulfport Volunteer Appreciation Luncheon and told that his mere presence there, apparently regardless of his purpose for attending or whether he was doing anything objectionable, would result in him being commanded to leave and arrested if he did not do so [DE 28-5]. The email is compelling evidence that LEE would not have been arrested without the impetus to retaliate. LEE has alleged facts that establish that he was warned not to come to the luncheon at the Casino because of his frequent criticisms of GULFPORT, and that he was subsequently arrested when he went to the Casino for innocent reasons. LEE has adequately his arrest was retaliatory.

## LEE'S CLAIMS ARE NOT MOOT

---

[2] The Motion to Dismiss alleges in a footnote that "[a] concurrent motion to file a video of this has been filed with the Court in support of this motion. The video shows that the police had clear probable cause to arrest Plaintiff. It is incorporated by reference into Count Five of Plaintiff's Complaint, its authenticity is unchallenged, and it is central to the claims in Count Five." [DE 47 at fn 7] No such "concurrent" motion has been filed, nor would such a motion be proper because a motion to dismiss cannot be decided based upon a video that is beyond the four corners of the complaint. Further, Plaintiff's fifth count does not incorporate any video "by reference."

OREILLY's final argument is that LEE's vagueness challenge to the trespass policy in effect when LEE was banned from certain city-owned properties is moot. According to OREILLY, there is "clearly no live case or controversy" because GULFPORT has now adopted a new ordinance that replaces the trespass policy in effect when LEE was trespassed, and "there is nothing vague about the new ordinance." [DE 47 at 25] Incredulously, the assertion that LEE's claim is moot ignores the fact that LEE is still forbidden from visiting those city owned properties permanently or indefinitely, and that LEE has asserted that he is entitled to damages for Defendants' violations of his rights to procedural and substantive due process. The Eleventh Circuit has held that "a claim for damages does not expire upon the termination of wrongful conduct." *McKinnon v. Tallaega Cnty., Ala.*, 745 F.2d 1360, 1362 (11th Cir. 1984). This Court can still grant LEE meaningful relief by enjoining GULFPORT from continuing to enforce the trespass bans against LEE. Even if LEE's trespass warnings were magically extinguished by GULFPORT's new ordinance, or if GULFPORT and OREILLY retracted the trespass warnings currently in place, that would not extinguish LEE's claim for money damages for the past deprivations of his constitutional rights. OREILLY's argument that any of LEE's claims are moot is based upon wishful thinking rather than legal precedent.

**WHEREFORE**, Plaintiff JESSE LEE, by and through his undersigned counsel, for the foregoing reasons, moves this Honorable Court for Entry of an Order denying JAMES OREILLY's Motion to Dismiss [DE 47].

Respectfully submitted this 13th day of October, 2024.

MARCY I. LAHART, P.A.

BY:*/s/ Marcy LaHart*
Marcy I. LaHart, Esq.
Marcy@floridaanimallawyer.com
249 SE Tuscawilla Road
Micanopy, FL 32667
(352) 545-7001

## CERTIFICIATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October, a true and correct copy of the foregoing has been furnished via CM/ECF electronic mail service to the Clerk of the Court who will send electronic notice to all counsel of record and pro se litigants.

BY: /s/ Marcy LaHart
Marcy LaHart, Esq.