UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:   8:23-cv-02996-VMC-AEP

JESSE LEE,

    Plaintiff,

v.

CITY OF GULFPORT,

    Defendant.
_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S AMENDED MOTION TO DISMISS

Defendant, CITY OF GULFPORT ("the City"), by and through the undersigned counsel, responds to the Plaintiff's Response in Opposition to its Amended Motion to Dismiss as follows:

Plaintiff's response to the City's Amended Motion to Dismiss illustrates his continuing confusion regarding the regulations to which his ice-cream cart is subject and resulting frustrations regarding the City's actions, which have falsely caused him to believe the City is racially discriminating against him.[1] As a preliminary matter, since standing can be raised at any time, the City notes that Plaintiff lacks standing to challenge section 13-84 of the Gulfport Code of Ordinances. At the top of the Ordinance, which was passed in response to Fla. HB 1193 (2020), an Act related to Deregulation of Professions and Occupations which went into effect on July 1, 2020, it states that it is a violation to vend any product from "a **mobile food-dispensing vehicle** at. . ." (emphasis added).

---

[1] Plaintiff's filings in this case have demonstrated that he falsely believes regulation of his ice-cream cart is preempted. [See First Amend. Compl., DIN 28, ¶ 26].

Importantly, only in Chapter 509 of the Florida Statutes has the term "mobile food-dispensing vehicle" been used by the Florida Legislature.

Here, upon information and belief, Plaintiff's permit for his ice-cream cart was received from the Florida Department of Agriculture and Consumer Services ("FDACS"), pursuant to Chapter 500 of the Florida Statutes. There is no preemption requirement therein similar to the one stated in section 509.102(2)(a), Fla. Stat, that is applicable to the Plaintiff. Because Plaintiff does not have a mobile food-dispensing vehicle (or "food truck"), § 13-84 of Gulfport's ordinances does not apply to him. This ordinance is a time, place, and manner restriction that the City imposed in response to the deregulatory statute contained Section 509.102, Fla. Stat. To have suffered an "injury in fact," Plaintiff must have had a legally protected interest invaded in the first place that is concrete and particularized. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Additionally, there must be a causal connection between the injury and the conduct complained of. *Id.* That is lacking here as well since the ordinance is not relevant to him. Plaintiff has no legally protected interest to which § 13-84 relates, and therefore lacks standing to challenge it, and Counts Two, Nine, and Twelve of his Amended Complaint must be dismissed.

Secondly, because the individuals who have been able to operate food trucks in the City are not similarly situated comparators for purposes of Plaintiff's Equal Protection claim in Count I, it should be dismissed. Plaintiff's Complaint falsely equates his ice-cream cart to actual food trucks regulated by the Florida Department of Business and Professional Regulation ("DBPR"). [See First Amend. Compl., DIN 28, ¶¶ 105-107]. Plaintiff does not own a mobile food-dispensing vehicle as that term has been used in the

Florida Statutes.[2] There are two issues with his claims in Count One: first, he again falsely alleges that he owns a mobile food-dispensing vehicle, even though the issue has been litigated previously,[3] and bases his equal protection claims on that misunderstanding. To prevail on a selective enforcement equal protection claim, a plaintiff must show (1) that they were treated differently from other similarly situated individuals, and (2) that the defendant unequally applied a facially neutral ordinance for the purpose of discriminating against them. *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996) (citing *E & T Realty v. Strickland*, 830 F.2d 1107, 1109–10 (11th Cir. 1987), cert. denied, 485 U.S. 961 (1988)). Count II fails to state a plausible claim against the City, and therefore should be dismissed.

As for Plaintiff's claims for violations of substantive and procedural due process, the City would note that Plaintiff has neither alleged that he attempted to appeal or address his trespass warnings with the City Manager, Defendant James O'Reilly, nor that he pursued any appeal of the racial discrimination complaint he alleged that he filed. [*See* First Amend. Compl., DIN 28, ¶¶ 52-53]. Nonetheless, such an appeal procedure exists. *See* § 26-8, Gulfport, Fla. Code of Ordinances. Plaintiff thus, could have addressed his trespasses and alleged discriminatory treatment vis-à-vis his ice-cream cart through

---

[2] As noted in the City's Motion to Dismiss, Plaintiff already litigated this issue in the criminal cases brought against him for conducting Outdoor sales Without Permit. The City has requested the transcript of the proceedings in those cases and will file it with the Court upon receipt, since Plaintiff implied the City was trying to hide something. For now, the City attaches Plaintiff's Motion for Rehearing from those cases as **Ex. A**. See Ground 3 therein, in which Plaintiff argues that he has a food truck under Chapter 509 and any local regulation would violate section 509.102, Fla. Stat. The previously filed transcript of the Court's ruling in that case explicitly ruled that Mr. Lee's ice-cream cart did not qualify under Chapter 509.

[3] Defensive collateral estoppel does not require identity of parties. *Quinn v. Monroe Cnty.*, 330 F.3d 1320, 1331 (11th Cir. 2003); *Wolfson v. Baker*, 623 F.2d 1074, 1078-80 (5th Cir. 1980).

Florida's state courts but failed to do so. *See Cotton v. Jackson*, 216 F.3d 1328, 1330 (11th Cir. 2000) ("In this case, we conclude that because adequate state remedies were available to provide Plaintiff with the opportunity for a name clearing hearing, he has failed to state a procedural due process claim."). Indeed, the Eleventh Circuit has held that only when the "state **refuses** to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc) (emphasis added). The state procedure need not provide all the relief available under section 1983. *McKinney*, 20 F.3d at 1564.

Here, if contacting Mr. O'Reilly, or appealing the discrimination petition, was not enough to provide adequate procedural due process, Plaintiff could have also pursued a writ of mandamus to attempt to force the responsible governmental officials to allow his ice-cream cart to operate. *State ex rel. Evans v. Chappel*, 308 So. 2d 1 (Fla. 1975). While mandamus is only available in Florida where there is a clear legal duty to perform the requested action, it would have at least been a possible option for Plaintiff. *See Coral Springs Tower Club II Condo. Ass'n, Inc. v. Dizefalo*, 667 So. 2d 966, 967 (Fla. 4th DCA 1996) ("Mandamus is not available to mandate the doing or undoing of a discretionary act or a merely erroneous decision.") (citations omitted).

Regardless, Plaintiff's claim that he was entitled to a hearing prior to being trespassed, particularly when there was no liberty interest at stake, is unavailing. Not only was Plaintiff's liberty interest in entering and/or being in a city-owned property like City Hall a limited liberty interest, at best, but since it is a limited public forum, the City was not required to wait for him to disrupt official business before trespassing him. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 809-10 (1985).

Finally, Plaintiff's claims in Counts Eight and Nine, which do not seek damages by their very nature, are moot, and this Court lacks subject-matter jurisdiction, because the challenged trespass policy has been replaced. *See* Ordinance No. 2024-02, Gulfport, Fla. Code of Ordinances. [*See* **Ex. B**, attached hereto]. The Eleventh Circuit has held that a case must be dismissed as moot "[i]f events that occur subsequent to the filing of a lawsuit ... deprive the court of the ability to give the plaintiff ... meaningful relief," *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001), and that "governmental entities and officials have . . . considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities." *Flanigan Enters., Inc. of Ga. v. City of Sandy Springs*, 868 F.3d 1248, 1256 (11th Cir. 2017). Once a government defendant has repealed a challenged policy, the burden shifts to the plaintiff to present evidence that its challenge has not been mooted by that repeal. *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1268 (11th Cir. 2020).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __21st__ day of October, 2024, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties and pro se litigants.

  /s/ Donovan A. Roper
DONOVAN A. ROPER, ESQUIRE
Florida Bar No.:  0858544
**ROPER & ROPER, P.A.**
116 North Park Avenue
Apopka, FL 32703
TEL:  (407) 884-9944
FAX:  (407) 884-4343
email@roperandroper.com
dring@roperandroper.com
ckeep@roperandroper.com