# PRO SE MOTION FOR REHEARING

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS, COUNTY, FLORIDA
(Criminal Division)

JESSE LEE

        Petitioner,

VS.

Case No. 20-14077-MO-P
Case No. 20-14469-MO-P

STATE OF FLORIDA
Respondent.

_____/

Nature of offense(s) involved (all counts): **Gulfport Florida City Ordinance Violation 22–6.12(b)**

**Outdoor sales or displays. A special permit is required for outdoor sales or displays in the WRD, CL-1 and CL-2 zoning districts. <u>No special permit shall be required for special events organized, sponsored, or co-sponsored by the city.</u> No special permit shall be required for artists working in public, so long as no product or service is offered or displayed for sale. The following processes are to be used for review of outdoor sales or displays permit applications:**

<u>PRO SE MOTION FOR REHEARING</u>

THE UNDERSIGNED party moves the Court for an order rehearing a prior order of the Court. The Court entered an order on December 7, 2021. I am asking the court for a rehearing on the motion or petition because:

Ordinance 22-6.12(b) was never an obtainable permit for me to apply for. These tickets were not issued to me out of error, or by mistake, instead issued maliciously to utilize your courtroom in violating my constitutional rights. They intentionally and knowingly issued me false tickets, understanding that I had no ability to apply for them.

<u>The Civil Rights Act of 1964</u> granted me equal protection under the laws; from being targeted due to my race, and color.

EXHIBIT "A"

MAS 3/08

<u>Title 18, U.S.C., Section 241 - Conspiracy Against Rights</u>

This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same).

<u>Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law</u>

This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

Additionally, this is not the first time allegations of racial discrimination, harassment, false arrest, false tickets, violations under the color of law have been made in your court against this police department, to other judges and state attorneys office under the same roof in the attempts to gain help stopping such issues. Including allowing the courts to be weaponized intentionally to violate citizens constitutional and civil rights. Not once have our voices (Blacks/Latinos/Native Americans) been enough to trigger any investigation by this particular CourtHouse involving certain cops or city officials selectively enforcing laws, ordinances, or rules against minorities, but not to those who are White. In my attempts to bring up such discrimination issues in your court I was immediately hualted in presenting evidence to such inherited practices.

A. Ground 1: <u>Testimony from Officer McIntire</u>

> **The officer who issued me tickets (Officer McIntire) admitted that he was forced to give me tickets. He stated that he has not issued any mobile food vendors or vendors tickets after years seeing them operating. In his attempts to repair the issue in recanting tickets falsely issued he was blocked by the City Manager and City Attorney from doing so. He also admitted that I was the only one who has ever received a ticket, period, in the history of Gulfport for this particular issue and ordinance.**
>
> **When asked if he ever saw me operating my business on either ticketed occasions he replied "no" contrary to his report submitted into evidence. He also testified I was fully licensed by the state of Florida as a mobile food vendor.**
>
> **As it was clear from the officers statement I was being singled out, bullied, harassed by city officials and police. I attempted to show that others who**

MAS 3/08

were WHITE being vendors and/or mobile food vendors were never once required to apply for permits while operating.

Ground 2: <u>Testimony from City Employee Fredrick Metcalf Director of Community Development (Department enforcing or permitting permits such as 22-6.12(b)</u>

During trial, I submitted public records and email conversations from Frederick Metcalf that show no permits have ever been issued from his department to any mobile food vendor or vendor period, yet alone under Ordinance 22–6.12(b).

Including copies of approved permits by department, (submitted into evidence) concluding only Brick and Mortar businesses were allowed to apply for permit 22-6.12b in question. Any attempts for myself or others in my field of work to apply for such permit 22-6.12(b) was unachievable, and made perfectly clear by Metcalf's testimony during trial.

Further testimony from Metcalf also concluded that events were clearly sponsored or co-sponsored by the city making tickets invalid due to its own rule stating: *<u>No "special permit" shall be required for special events organized, sponsored, or co-sponsored by the city.</u>*

I also presented evidence of my attempts to apply for such permits in 2019 and was denied. I presented the original applications, and it was confirmed by Metcalf it was from their department. Never once was 22-6.12(b) an option then for an ordinance again introduced in 2013, way before my time, and still never once did the city present the option when attempting to file for permit/s viable to correctly instate my business at each turn.

The original application that was presented in court for (2019) including Email correspondence by City Manager, City Council Member Paul Ray, acknowledging due to being a Mobile Food Vendor, Ordinance 22-4.02 did not allow me permitting of any kind. For over a year I've made several attempts for permitting, joining events, and local functions without success. Any avenue suggested by the city in the attempts of opening never amounted to anything viable, and was done intentionally to violate my Constitutional Rights. Simply put there was no avenue permitted and I was purposely denied from ever getting permits.

MAS 3/08

**Original Ordinance I was denied under:**

<u>Sec. 22-4.02. Only listed or describe use permitted. Only those uses specifically listed or described as being permitted within a zoning district shall be permitted in said zoning district, and only in accordance with any stipulated provisions. Unless otherwise stated herein, it is the intent of this chapter that any use not specifically listed or described as permitted shall be expressly prohibited.</u>

Proving that 22-6.12(b) was never an option again.

Begs the question, if we aren't allowed to apply for such permits, how is it the city allowed to cite anyone for it? How was this matter court worthy? This alone should have demised tickets against me and in my opinion sanctions be made against the city. This is a grave misuse of the justice system and your courts.

Even worse to be found guilty on issues not having to do with actual tickets. If I had known I was on trial for being a mobile food vendor, I would have made every attempt in providing evidence already presented on prior dates under this matter. Evidence proving I met all requirements providing self contained utilities such as; power sources, thermostat, control systems, motors, batteries, vin tag/identification numbers, receptacle, and waste disposal. Including the state statutes definitions on what a mobile food vendor is. Including my ability to regulate temperatures of such products specific to license, granted by the state of Florida after a full inspection by their inspectors. Without the ability to regulate (self contained utilities) I would have never been granted a license to operate as a mobile food vendor during such inspection in March of 2020.

## Ground 3: <u>Chapter 13 of the City Ordinance</u>

After the governor passed laws protecting us under 509.02, the city enacted Chapter 13, in the attempt to circumvent my rights and new laws again. Under this Chapter it clearly states Mobile Food Vendors can only operate under brick and mortar business or in conjunction with a special event.

Implying that I had to sign with the GMCA, knowing such demands would be in contradiction with State Law 509.20.

MAS 3/08

In Metcalf testimony you will hear him clearly state we don't need to apply with the GMCA and only need be (in conjunction) side to side to operate with any special permits granted or approved by the city.

<u>Justin Shea</u>, **Cultural Facilities Events Supervisor** testified he gave me and Barbara Banno (Head of GMCA) copies of Chapter 13 Ordinance as we parted ways. Clearly showing again that 22-6.12(b) wasn't even a consideration because I was a mobile food vendor, including evidence correspondence via email from Mr Shea to the City Manager acknowledging the issue was with Chapter 13 and me not applying with Merchants Association aka GMCA.

D. Ground 4: <u>Recordings of **City Manager Jim O'Riley and Chief of Police Vincent**</u>

**Recorded Evidence of Mr O'Riley instructing an officer to tell me; "that he would be rewording Ordinance and it will be resulting in more tickets"**

Why would there be a need to reword an ordinance if one was supposedly applicable to me? Or ever made readily available to me?

Again violating my civil right, constitutional right, and economic liberty rights, and clear racial bias toward anyone of color or minority trying to compete with businesses who are 98% white located in their downtown. Including the GMCA intentionally being used in violating new state law, so she can continue to be the only one allowed to monopolize a specific industry.

**In recent events, I have a recording of the Chief of Police agreeing tickets were intentionally given to me to prevent me operating alongside Merchants events. Claiming that was the entire purpose behind the tickets.**

MAS 3/08

I certify that a copy of this motion was ☐ mailed; ☐ faxed and mailed; ☒ hand delivered; to the person(s) listed below on  Dec 27th 2021  [date]

Jesse Lee
Party filing motion

5621 Tangerine Ave St
Address

Gulfport Fl 33707
City, State, Zip

361-538-1704
Phone No.   Fax No.

Name of opposing party or his/her attorney: City Attorney & City Manager.
Address of person to whom copy was sent: Hand Delivered to city of Gulfport.

MAS 3/08