ORDINANCE 2024-02

AN ORDINANCE OF THE CITY OF GULFPORT, FLORIDA, AMENDING CHAPTER 1, GENERAL PROVISIONS, BY ESTABLISHING SECTION 1-10 CONTROL OF ACCESS TO CITY-OWNED, CONTROLLED AND LEASED PROPERTY; PROVIDING FOR THE REPEAL OF ORDINANCES OR PARTS OF ORDINANCES IN CONFLICT HEREWITH TO THE EXTENT OF SUCH CONFLICT; PROVIDING FOR SEVERABILITY; AND PROVIDING FOR AN EFFECTIVE DATE.

**WHEREAS**, the City Council for the City of Gulfport desires to protect the rights and safety of City employees in conjunction with individuals First Amendment Rights; and

**WHEREAS,** the City Council has determined that disruptive conduct is contrary to the City's legitimate public business in rendering public services along with fostering a safe an orderly environment; and

**WHEREAS,** the City Council desires to allow designation of certain City owned property as public forum, limited public forum and nonpublic forum.

**NOW THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL FOR THE CITY OF GULFPORT, FLORIDA AS FOLLOWS:**

**Section 1**.  Chapter 1, General Provisions is hereby amended by establishing Section 1-10. Control of Access to City-owned, Controlled and Leased Property and shall read as follows:

a. Consistent with decisions of the U.S. Supreme Court, public access to areas within enclosed facilities owned, controlled, and leased by the City of Gulfport may be restricted depending upon whether such areas are classified as "designated public forum," "limited designated public forum," or "nonpublic forum." How such areas are classified is based upon their intended use. For example, there are certain areas which are intended primarily for the use by City employees in the conduct of their business; there are certain areas which, while primarily intended for the use by City employees in the conduct of their business, may from time to time be utilized for the convening of public meetings; there are certain limited areas which may be open to the public while engaging in legitimate business with City officers or employees; and there may be certain areas which are primarily intended for the convening of public meetings.

b. The City Manager is hereby authorized to manage public access to enclosed City-owned, controlled, and leased property. In the performance of such responsibilities, the City Manager shall have the authority to identify which areas are to be considered designated public forum, limited designated public forum, or nonpublic forum.

c. Upon the classification of areas within enclosed City-owned, controlled, and leased property, the City Manager is hereby authorized, subject to the availability of appropriated funds, to employ whatever means he deems necessary and

appropriate to separate designated public forums from limited public forums and nonpublic forums, including, but not limited to the use of physical barriers and signage. The City Manager shall also have the authority to develop and implement procedures to regulate and control public access within such properties to provide for the security and privacy of public visitors; to provide for the security and privacy of City employees and officers; and to minimize potential disruptions to the work of City government. Any person who engages in conduct that causes disruptions to the work of City government shall be deemed to no longer be present within the property on legitimate public business.

d. The City Council Chambers and conference rooms in the City Hall and City Hall Annex are hereby declared to be nonpublic forums unless or until a public meeting is convened in such areas pursuant to public notice. All City employees work areas which are designated by appropriate signage as work areas shall be considered as nonpublic forums. Members of the public are prohibited from entering City employee work areas without being escorted by a City employee.

e. It shall be a violation of this Ordinance to be within a nonpublic forum without authorization. Unauthorized persons found by to be within a nonpublic forum or limited public forum and who refuse to leave the premises upon request shall be considered trespassing.

f. Except in designated public forums or other locations in which a public meeting is being conducted pursuant to a public notice, it shall be unlawful and a violation of this Ordinance, to record video and/or sound within City-owned, controlled, and leased property, without the consent of all persons whose voice or image is being recorded. This prohibition shall not apply to any law enforcement activities. In addition to being a violation of this Ordinance, if anyone who is observed to be recording video and/or sound within City-owned, controlled, or leased property, without the consent of all persons whose voice or image is being recorded, and such person refuses to cease activity after being advised that such activity is prohibited under this Ordinance, such refusal shall be considered to be a disruption to the work of City government. Therefore, such persons shall be deemed to no longer be present within the City-owned, controlled, or leased property on legitimate public business. The City Manager and his designees are hereby authorized on behalf of the City of Gulfport, Florida to request any person who refuses to cease the unconsented video and/or sound recording to immediately leave the premises. Any person who refuses to cease the unconsented to video and/or sound recording and refuses to immediately leave the premises following the request of the City Manager or his designee, shall be considered trespassing.

g. The City Manager and his designees may have cause to remove any person they determine:

   1. Acts in any manner which violates or is reasonably suspected to violate any federal, state or local law, ordinance, rule or regulation; or

   2. Acts in any manner which violates any City rules or policy, including but not limited to the Facility Rules; or any directive on any sign or notice at the public property.

The City Manager and his/her designees are hereby authorized on behalf of the City of Gulfport, Florida to warn persons of this prohibited activity and request such activity to cease. Law Enforcement, at its option, at the request of the City may issue a trespass warning notice for these violations of conduct.

h. The City Manager and his/her designees are hereby authorized on behalf of the City of Gulfport, Florida to warn persons who have entered into or remain in areas where they are not authorized to be, and to request such persons to depart. The City Manager, and his/her designees, are hereby authorized to call upon Law Enforcement to treat as trespassers any persons who refuse to depart after such a request has been made. Law Enforcement, at its option, may enforce any person's refusal to depart by means of Sections § 810.08 and §810.09, Florida Statutes or issue a trespass warning notice.

i. Facility Rules. The following conduct is prohibited within the interior spaces of all City-owned controlled, and leased buildings of the City of Gulfport:

   1. Engaging in any conduct prohibited by Federal, State of Florida, or City of Gulfport law.
   2. Smoking, chewing tobacco, use of e-cigarettes or vaping device, or carrying any lighted or smoldering pipe, cigar, or cigarette.
   3. Disruptive, harassing or unsafe behavior, including conduct which interferes with City employees or City officials in the performance of their duties, or interferes with the proper use of the City facility by others.
   4. Blocking entrances, exits, fire exits, access areas, or otherwise interfering with the provision of services or the use of City property.
   5. Entering or remaining in nonpublic areas without authorization. Areas inside City buildings, including offices, hallways, stairways, and elevators are open to the public only to the extent necessary to attend to City business, or attending a City-authorized function, event, or activity to which the person is an invitee, or attending a duly noticed public meeting. Otherwise, such areas are deemed nonpublic areas.

6. Any act which could result in substantial risk of harm to persons or property.
7. Disrupting City business, events, or other City sponsored or authorized activities.
8. Leaving unattended packages, backpacks, luggage, or other personal items. Any such items are subject to immediate confiscation.
9. Laying down or sleeping in chairs, benches, or otherwise.
10. Possession of illegal drugs.
11. Posting or affixing to City property without permission from the City Manager, or his/her designee, any signs, leaflets, posters, flyers, pamphlets, brochures, and written, pictorial or graphic material of any kind.
12. Tampering with or unauthorized use of building or facility systems or devices, including electrical, plumbing, locks, doors or cameras.
13. Remaining in a City building after posted hours of operation or after the conclusion of an authorized "after hours" public meeting or event.
14. Failure to cease conduct specifically prohibited in items I through 13 above immediately after a request by City staff to do so.
15. A copy of the foregoing Facility Rules shall be posted in close proximity to all public entrances of City-owned, controlled, and leased buildings of the City of Gulfport.

**Section 2.** All ordinances or parts of ordinances in conflict herewith are hereby repealed to the extent of such conflict.

**Section 3.** This ordinance shall take effect immediately upon its passage and approval consistent with all requirements of law.

**Section 4.** The provisions of this ordinance shall become and be made a part of the City Code of Ordinances, and the sections of this ordinance may be renumbered and codified to accomplish this end.

**Section 5.** If any part of this ordinance is declared invalid by a court of competent jurisdiction, such part or parts shall be severable, and the remaining part or parts shall continue to be in full force and effect.

Samuel Henderson, Mayor

| | |
|---|---|
| FIRST READING: | April 16, 2024 |
| PUBLISHED: | April 24, 2024 |
| SECOND READING/ PUBLIC HEARING: | May 7, 2024 |

I, Theresa M. Carrico, City Clerk of the City of Gulfport, Florida, do hereby certify that the Foregoing Ordinance was duly adopted in accordance with the provisions of law and the City Charter this 7th day of May, 2024.

*Theresa M Carrico*

Theresa M. Carrico, City Clerk