UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE LEE,

    Plaintiffs,

v.                                                                       Case No: 8:23-cv-2996-VMC-AEP

CITY OF GULFPORT,

    Defendant.
_____

**AMENDED CASE MANAGEMENT AND SCHEDULING ORDER**

Having considered the case management report prepared by the parties, *see* Fed. R. Civ. P. 26 (f), the Court enters this case management and scheduling order:

| | |
|---|---|
| Mandatory Initial Disclosures | COMPLETED |
| Certificate of Interested Persons and Corporate Disclosure Statement | COMPLETED |
| Motions to Add Parties or to Amend Pleadings | COMPLETED |
| Disclosure of Expert Reports | COMPLETED |
| Discovery Deadline | February 14, 2025 |
| Motions for Summary Judgment, Judgment on the Pleadings, *Daubert*, and *Markman* Motions | March 14, 2025 |
| All Other Motions Including Motions In Limine (MULTIPLE MOTIONS IN LIMINE ARE NOT FAVORED. ALL REQUESTS TO LIMIT EVIDENCE SHALL THEREFORE BE INCLUDED IN A SINGLE MOTION NOT TO EXCEED 25 PAGES WITHOUT LEAVE OF COURT. RESPONSES ARE LIMITED TO 20 PAGES WITHOUT LEAVE OF COURT.) | June 2, 2025 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement | June 30, 2025 |
| Joint Final Pretrial Statement  (*Including* a **Single Set** of Jointly Proposed Jury Instructions and Verdict Form, also sent to Chamber's email [chambers_flmd_Covington@flmd.uscourts.gov] in Microsoft Word®, Witnesses Lists, Exhibit Lists on Approved Form) | July 10, 2025 |

| | |
|---|---|
| Final Pretrial Conference | July 17, 2025 at 9:00 a.m. |
| Trial Term Begins | August 4, 2025 at 9:00 a.m. |
| Estimated Length of Trial | 5 days |
| Jury/Non-Jury | Jury |
| Mediation<br><br>Deadline:<br>Mediator:<br><br>Designated Lead Counsel shall contact opposing counsel and the mediator to reserve a conference date and shall file a Notice with the Court **within 7 days** of the date of this Order advising of the date and time of the mediation conference. | <br><br>February 19, 2025<br>Karl Brandes |
| Designated Lead Counsel Pursuant to Local Rule 4.03(c) Lead Counsel     Attorney Name:<br>    Telephone Number: | Marcy LaHart<br>352-545-7001 |

The purpose of this order is to discourage wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of the action. *See* Fed. R. Civ. P. 1; Local Rule 1.01(a). This order controls the subsequent course of this proceeding. Fed. R. Civ. P. 16(b), (e). Counsel and all parties (both represented and *pro se*) shall comply with this order, with the Federal Rules of Civil Procedure, with the Local Rules of the United States District Court for the Middle District of Florida, and with the Administrative Procedures for Case Management/Electronic Case Filing. A copy of the Local Rules and Administrative Procedures may be viewed at http://www.flmd.uscourts.gov. Counsel shall also comply with the *Ideals and Goals of Professionalism* adopted by the Board of Governors of the Florida Bar on May 16, 1990 available at www.floridabar.org (Professional Practice-Henry Latimer Center for Professionalism); Local Rule 2.04(a).

I.   **DISCOVERY**

   **A.   Certificate of Interested Persons and Corporate Disclosure Statement** – This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper – including emergency motion – may be denied or stricken unless the filing party has previously filed and served a Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate shall do so within the time required by this order, or sanctions will be imposed.

   **B.   Limits on Discovery** – Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a). Absent leave of the Court or stipulation by the parties, each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery within the context of the limits and deadlines established by this Case Management and Scheduling Order, but the parties may not alter the terms of this Order without leave of Court. *See, e.g.*, Fed. R. Civ. P. 29.

   **C.   Discovery Deadline** – Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.

     **D.**    **Disclosure of Expert Testimony** – On or before the date set forth in the above table for the disclosure of expert reports, the party shall fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

     **E.**    **Confidentiality Agreements** – The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce stipulated and signed confidentiality agreements.  *See* Local Rule 3.05.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  *See also* "Motions to File Under Seal" below.

## II.    MOTIONS

     **A.**    **Certificate of Good Faith Conference** – *Before filing any motion in a civil case, the moving party shall* **confer** *with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has* **conferred** *with the opposing party, and that the parties have been unable to agree on the resolution of the motion.*  Local Rule 3.01(g); Fed. R. Civ. P. 26(c).  A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.  *See* Local Rule 3.01(g).  No certificate is required in a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class.  Local Rule 3.01(g). The term "movant" in Rule 3.01(g) includes *pro se* parties acting as their own counsel, thus requiring movants to confer with *pro se* parties and requiring *pro se* movants to file Rule 3.01(g) certificates.  The term "confer" in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter or email.  Movants who merely "attempt" to confer have not "conferred."  Parties must respond promptly to inquiries and communications from the opposing party.  Board of Governors of the Florida Bar, *Ideals and Goals of Professionalism*, ¶ 6.10 and *Creed of Professionalism* ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice-Henry Latimer Center for Professionalism.)  The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

     **B.**    **Extension of Deadlines**

    The deadlines established in this Case Management and Scheduling Order are not advisory but must be complied with absent approval of the Court.

         **1.**    **Dispositive Motions Deadline and Trial Not Extended** – Motions to extend the dispositive motions deadline or to continue the trial are generally denied.  The Court will grant an exception only when necessary to prevent manifest injustice.  A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.08.  The Court cannot extend a dispositive motion deadline to the eve of trial.  In light of the district court's heavy trial calendar, a period of at least four months is required before

trial to receive memoranda in opposition to a motion for summary judgment, and to research and resolve the dispositive motion.

        **2.**     **Extensions of Other Deadlines Disfavored** – Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored.  The deadline will not be extended absent a showing of good cause.  Fed. R. Civ. P. 16(b); Local Rule 3.08(a).  Failure to complete discovery within the time established by this Order shall not constitute cause for continuance.  A motion to extend an established deadline normally will be denied if the motion fails to recite that:  1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline.

    The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

        **C.**     **Motions to File Under Seal**  – Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.11.

        **D.**     **Memoranda in Opposition** – Each party opposing any written motion, except a motion for summary judgment under Section II H below,  shall file and serve, within the deadline set by Local Rule 3.01(c), a legal memorandum with citation of authorities in opposition to the relief requested.  Local Rule 3.01(b)-(c).  Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed.  Motions titled as "unopposed" or "agreed" normally come to the Court's attention prior to the deadline for response.

        **E.**     **Emergency Motions** – The Court may consider and determine emergency motions at any time.  Local Rule 3.01(e).  Counsel should be aware that the designation "emergency" may cause a judge to abandon other pending matters in order to immediately address the "emergency."  The Court will sanction any counsel or party who designates a motion as "emergency" under circumstances that are not a true emergency. It is not an emergency when counsel has delayed discovery until the end of the discovery period.  Promptly after filing an emergency motion, counsel shall place a telephone call to the chambers of the presiding judge to notify the court that an emergency motion has been filed.

        **F.**     **Page Limits** - No party shall file a motion and supporting memorandum in excess of twenty-five pages.  Local Rule 3.01(a). No party shall file an opposing brief or memorandum in excess of twenty pages.  Local Rule 3.01(b).  A motion requesting leave to file either a motion in excess of twenty-five (25) pages, a response in excess of twenty (20) pages, or a reply or further memorandum shall not exceed three (3) pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise, the proposed motion, response, reply, or other paper.  Local Rule 3.01(a), (b),

(d).  Motions for relief from page limitations are disfavored and will not be granted without a specific showing of good cause.

   G. **Motions for Summary Judgment : Required Materials** – A motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, and shall include a memorandum of law, and shall be accompanied by affidavits and other evidence in the form required by Fed. R. Civ. P. 56.  The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages.  Local Rule 3.01(a).

   Each party opposing a motion for summary judgment shall serve, **within twenty-one days** after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested as required by Local Rule 3.01(b) of not more than twenty pages.  The memorandum in opposition shall specify the material facts as to which the opposing party contends there exists a genuine issue for trial, and shall be accompanied by affidavit(s) and other evidence in the form required by Fed. R. Civ. P. 56.

   Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact.  General references to a deposition are inadequate. On or before the date on which the memorandum in opposition is due, the parties may also file a stipulation of agreed material facts signed by the movant and the parties opposing summary judgment.  Material facts set forth in the stipulation will be deemed admitted for the purposes of the motion.

   H. **Daubert and Markman Motions** – On or before the date established in the above table for the filing of motions for summary judgment, any party seeking a ruling pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) (admissibility of expert opinions) or pursuant to *Markman v. Westview Instruments, Inc.,* 517 U.S.370 (1996) (interpretation of a patent claim) shall file and serve an appropriate motion.  The parties shall prepare a glossary of technical or scientific terms where appropriate for the Court.

   I. **All Other Motions Including Motions *In Limine*** – On or before the date established in the above table, the parties shall file and serve all other motions including motions *in limine*.  Local Rule 3.01(g) applies, and the parties shall confer to define and limit the issues in dispute.

**III.** **JOINT FINAL PRETRIAL STATEMENT**

   A. **Meeting *In Person*** – On or before the date established in the above table, **lead trial counsel** for all parties and any **unrepresented parties** shall meet together ***in person*** pursuant to Local Rule 3.06(a) in a good faith effort to:

   1. settle the case; the parties shall thoroughly and exhaustively discuss settlement of the action before undertaking the extensive efforts needed to conduct final preparation of the case for trial and to comply with the requirements of this order;

   2. discuss the efficient presentation of the evidence and the duration of the trial;

        3.      stipulate to as many facts and issues as possible; in order to assist the Court, the parties shall make an active and substantial effort to stipulate at length and in detail as to agreed facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested; as a rule, parties who have complied with this requirement in good faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial;

        4.      tag, mark, identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial [Local Rule 3.06(a)(4) and 3.07(a)] (instructions for pre-marking of exhibits attached to this order); and prepare and exchange a final exhibit list on the Clerk's approved form (attached to this order) bearing a description identifying each exhibit and sponsoring witness [Local Rule 3.07(b)]; it is anticipated that counsel will agree to the admission of the bulk of the opposing parties' exhibits without objection and shall designate on the exhibit list the exhibits which the Court may admit without objection at trial. Absent good cause, the Court will **not** receive in evidence over objection any exhibits – including charts, diagrams, and demonstrative evidence – not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting or not listed in the joint final pretrial statement. Photographs of sensitive exhibits (*i.e.*, guns, drugs, valuables) and of non-documentary evidence, and reductions of documentary exhibits larger than 8 ½" by 14" to be substituted for original exhibits after conclusion of the trial must be presented to opposing counsel for examination at the meeting to prepare the Joint Final Pretrial Statement. Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement. The parties are directed to contact the trial judge's courtroom deputy clerk to discuss exhibits and equipment to be used during trial; and

        5.      exchange the names, telephone numbers, and addresses of all witnesses and state whether they will likely be called.

    **B.**    **The Joint Final Pretrial Statement**

        **1.**      **Form of Joint Final Pretrial Statement** – On or before the date established in the above table, the parties shall file a Joint Final Pretrial Statement that strictly conforms to the requirements of Local Rule 3.06(b) and this Order. **This case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due.** Anticipated length of trial based on issues remaining at the time of the pretrial conference must be included as a separate line item in the parties Joint Final Pretrial Statement. Lead trial counsel for all parties, or the parties themselves if unrepresented, shall sign the Joint Final Pretrial Statement. Sanctions may be imposed for failure to comply, including the striking of pleadings. The Joint Final Pretrial Statement will govern the trial. Local Rule 3.06(b).

        **2.**      **Exhibit List** – The exhibit list filed in compliance with Local Rules 3.06(b)(4) and 3.07(b) must be on the Clerk's approved form (attached to this order). Unlisted exhibits will not be received into evidence at trial, except by order of the Court in the furtherance of justice. The Joint Final Pretrial Statement must attach each party's exhibit list on the approved form listing each *specific* objection ("all objections reserved" does *not* suffice) to each numbered exhibit that remains after full discussion and stipulation. Objections not made – or not made with specificity – are waived.

      **3.**      **Witness List** – On the witness list required by Local Rule 3.06(b)(5), the parties and counsel shall designate which witnesses will definitely be called, and also designate which witnesses may be called.  Absent good cause, the Court will not permit over objection testimony from unlisted witnesses at trial.  This restriction does not apply to true rebuttal witnesses (*i.e.*, witnesses whose testimony could not reasonably have been foreseen to be necessary).  Records custodians may be listed but will not likely be called at trial, except in the rare event that authenticity or foundation is contested.  For good cause shown in compelling circumstances, the Court may permit presentation of testimony in open court by contemporaneous transmission from a different location.  Fed.R.Civ.P. 43(a).

      **4.**      **Depositions** – The Court encourages stipulations of fact to avoid calling unnecessary witnesses.  Where a stipulation will not suffice, the Court permits the use of depositions.  At the required meeting, counsel and unrepresented parties shall agree upon and specify in writing in the Joint Final Pretrial Statement the pages and lines of each deposition (except where used solely for impeachment) to be published to the trier of fact.  The parties shall include in the Joint Final Pretrial Statement a page-and-line description of any testimony that remains in dispute after an active and substantial effort at resolution, together with argument and authority for each party's position.  The parties shall prepare for submission and consideration at the final pretrial conference or trial an edited and marked copy (as to the portion offered by each party) of any deposition or deposition excerpt which is to be offered in evidence.

    Five (5) days prior to trial, the parties shall file with the Court color-coded copies of deposition transcripts (preferably mini-script versions), reflecting, in different highlighted colors, the deposition excerpts designated by each party to be read at trial, with objections noted in the margin.  Unresolved objections to videotape depositions shall be submitted  to the Court ten (10) days prior to trial.

      **5.**      **Joint Jury Instructions, Verdict Form, Voir Dire Questions** – In cases to be tried before a jury, the parties shall attach to the Joint Final Pretrial Statement **a single jointly-proposed set of jury instructions in order of presentation to the jury**, together with a single jointly-proposed jury verdict form. The parties should be considerate of their jury, and therefore should submit short, concise special verdict forms.  The Court prefers pattern jury instructions approved by the United States Court of Appeals for the Eleventh Circuit.  A party may include at the appropriate place in the single set of jointly-proposed jury instructions a contested charge, so designated with the name of the requesting party and bearing at the bottom a citation of authority for its inclusion, together with a summary of the opposing party's objection.  The Court will deny outright a proposed instruction that is "slanted" in any way.  The Court requires that the parties, send to the Chamber's email [chambers_flmd_covington@flmd.uscourts.gov] **the single set of jury instructions and verdict form, in Microsoft Word®**.  The parties may include in the Joint Final Pretrial Statement a single list of jointly-proposed questions for the Court to ask the venire during voir dire.

      **C.**      **Coordination of Joint Final Pretrial Statement** – All parties are responsible for filing a Joint Final Pretrial Statement in full compliance with this order.  Plaintiff's counsel (or plaintiff if all parties are proceeding *pro se*) shall have the *primary* responsibility to coordinate compliance with the sections of this order that require a

meeting of lead trial counsel and unrepresented parties in person and the filing of a Joint Final Pretrial Statement and related material. See Local Rule 3.10 (relating to failure to prosecute). If the plaintiff is proceeding *pro se*, defense counsel shall coordinate compliance. If counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference.

### D. Trial Briefs, Proposed Findings of Fact and Conclusions of Law, and Exhibit Notebooks

**Trial Briefs** – Unless the Court specifically directs otherwise, Trial Briefs are not required in any civil case. If a party chooses to file a Trial Brief, such Trial Brief may be filed anytime, until and including the date of trial.

**Proposed Findings of Fact and Conclusions of Law** – In the case of a non-jury trial, the parties are directed to file Proposed Findings of Fact and Conclusions of Law <u>after</u> the trial. The due date will be specified by the Court at the Final Pretrial Conference, and will usually fall between 30 and 60 days after the conclusion of the trial depending on the Court Reporter's schedule. Proposed Findings of Fact and Conclusions of Law should contain citations to the record.

**Exhibit Notebook** – On the first day of a jury trial or non-jury trial, the parties shall provide to the Court a bench notebook containing marked copies of all exhibits. The parties may contact the courtroom deputy clerk for the trial judge to determine whether this requirement may be waived.

## IV. MEDIATION

### A. Purpose
– To minimize costly pretrial procedures in a case that may be equitably settled, and to secure the just, speedy, and inexpensive determination of this action, all parties shall participate in good faith in mediation. See Fed.R.Civ.P. 1; Fed.R.Civ.P. 16(a)(5); Local Rules 1.01(a), 4.01.

### B. The Mediator
– This Court prefers to appoint the certified and approved mediator, if any, chosen by the parties in their Case Management Report. The mediator shall conduct the mediation conference in the conference room of the mediator's law firm or office at a time and date selected by the mediator within the confines of this order.

### C. Last Date to Mediate
– The parties shall complete the mediation conference on or before the mediation date set forth earlier in the above table. *Neither the mediator nor the parties have authority to continue the mediation conference beyond this date* except on express order of the Court. In any complex case or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is complete by the last date to mediate.

### D. Mediator's Authority
– The mediator shall have all powers and authority to conduct a mediation and to settle this case as are described in Chapter Four of the Local Rules, except as limited by this order. *The mediation shall continue until adjourned by the mediator*. In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation. At such time, the

mediator may designate one or more coordinating attorneys who shall be responsible for conferring with the mediator regarding the mediation conference. If necessary, the coordinating attorney may coordinate the rescheduling of a mediation conference within the time allowed in this order.

### E. General Rules Governing Mediation Conference

**1. Case Summaries – Not less than two business days prior to the mediation conference, each party shall deliver to the mediator a written summary of the facts and issues of the case.**

**2. Identification of Corporate Representative** – As part of the written case summary, counsel for each corporate party shall state the name and general job description of the employee or agent who will *attend and participate with full authority to settle* on behalf of the corporate party.

**3. Attendance Requirements and Sanctions** – Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, *shall* attend and participate in the mediation conference. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit. The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

**4. Personal Attendance Required** – All counsel, parties, corporate representatives, and any other required claims professionals shall be present at the Mediation Conference with full authority to negotiate a settlement. See Local Rule 4.03(d). The Court does not allow mediation by telephone or video conference. Personal attendance is required.

**5. Authority to Declare Impasse** – Participants shall be prepared to spend as much time as may be necessary to settle the case. No participant may force the early conclusion of a mediation because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation.

**6. Restrictions on Offers to Compromise** – Evidence of an offer to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations). All discussion, representations and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. Local Rule 4.03(g); Fed. R. Evid. 408. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

### F. Compensation of Mediators
– Absent agreement of the parties and the mediator, mediators shall be compensated at a reasonable hourly rate provided by order of the Court after consideration of the amount in controversy, the nature of the dispute, the resources of the parties, the prevailing market rate for mediators in the applicable market, the skill and experience of the mediator, and other pertinent factors. Unless

altered by order of the Court, the cost of the mediator's services shall be borne equally by the parties to the mediator conference.

   G.  **Settlement and Report of Mediator** – A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator.  **Within twenty-four hours of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the mediator was forced to declare an impasse.** The mediator may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement or fails to comply with this Order.  *See* Local Rule 4.03.

**V.**  **FINAL PRETRIAL CONFERENCE**

   A.  **Lead Trial Counsel and Parties** – If a final pretrial conference is set, **lead trial counsel and local counsel for each party, together with any unrepresented party, must attend in person unless previously excused by the Court.** *See* Fed.R.Civ.P. 16(d).

   B.  **Substance of Final Pretrial Conference** – Since this case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due, at the final pretrial conference, all counsel and parties must be prepared and authorized to accomplish the purposes set forth in Fed.R.Civ.P. 16 and Local Rule 3.06, including formulating and simplifying the issues; eliminating frivolous claims and defenses; admitting facts and documents to avoid unnecessary proof; stipulating to the authenticity of documents; obtaining advance rulings from the Court on the admissibility of evidence; settling the dispute; disposing of pending motions; establishing a reasonable limit on the time allowed for presenting evidence; and such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.  *See* Fed.R.Civ.P. 16(c)-(d).

**VI.**  **SANCTIONS** – The Court will impose sanctions on any party or attorney:  1) who fails to attend and to participate actively  in the meeting to prepare the Joint Pretrial Statement, or who refuses to sign and file the agreed document; 2) who fails to attend the Final Pretrial Conference, or who is substantially unprepared to participate; 3) who fails to attend the mediation and actively participate in good faith, or who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation; or 4) who otherwise fails to comply with this order.  Sanctions may include but are not limited to an award of reasonable attorney's fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court.  *See* Fed.R.Civ.P. 16(f) and 37; Local Rules 4.03(d), (e); 28 U.S.C. § 1927.

**VII.**  **TRIAL**

   A.  **Trial Before District Judge** – A case scheduled for trial before a United States District Court Judge normally will be called for trial during the scheduled trial term.  Cases not reached for trial in the month scheduled will be carried over to the following month on a trailing trial calendar, and issued subpoenas will continue in force.

  **B.** **Trial Before Magistrate Judge** – A case scheduled for trial before a United States Magistrate Judge will be called for trial on a date certain. With respect to a civil case that remains pending before a District Judge as of the date of this order, the United States District Judges of the Middle District of Florida wish to afford the parties the opportunity to consent to proceed before a Magistrate Judge. Consent must be unanimous. A United States Magistrate Judge is available pursuant to 28 U.S.C. § 636© and Fed.R.Civ.P. 73(a) to conduct all further proceedings in this case (or specified motions in this case), to conduct a jury or non-jury trial ***beginning on a date certain***, and to enter final judgment. A party may appeal a final judgment of a Magistrate Judge to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from the district court. 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73. A party is free to withhold consent without adverse substantive consequences. 28 U.S.C. § 636 (c)(2); Fed.R.Civ.P. 73(b). Consent forms are attached to this scheduling order. Fed.R.Civ.P. 73(b).

  **C.** **Settlement** – Counsel shall immediately notify the Court upon settlement or resolution of any case, even if the resolution is contingent or unwritten. Local Rule 3.09(a). The parties shall notify the Court of any settlement or other disposition of the case which will eliminate the need for a jury by 11:30 a.m. on the last business day before the date scheduled for jury selection. Failure to do so will subject each party to joint and several liability for jury costs. Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings, including the Final Pretrial Conference and for trial absent the filing of a stipulation of dismissal signed by all parties who have appeared in the action (or notice of dismissal if prior to answer and motion for summary judgment). Fed.R.Civ.P. 41(a).

  **D.** **Electronic Equipment** – The parties are advised (and should advise their witnesses) that photo identification is required to enter the United States Courthouse. Parties and witnesses are not permitted to bring into the Courthouse a personal electronic device.

  By court order dated September 26, 2013, any attorney permitted to practice law in the Middle District of Florida may bring any personal electronic device beyond the courthouse's security checkpoint by presenting a valid Florida Bar identification card or by pro hac vice order. See attached order for guidelines.

  **DONE** and **ORDERED** in Tampa, Florida on this 4th day of January, 2025.

_/s/ Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Attachments:   Magistrate Judge Consent / Entire Case
Magistrate Judge Consent / Specified Motions
Exhibit List Form [mandatory form]
Order on Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida

Copies to:   All Counsel of Record

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| JESSE LEE,<br>*Plaintiffs*<br>v.<br>CITY OF GULFPORT<br>*Defendant* | )<br>)<br>) Civil Action No.   8:23-cv-02996-VMC-AEP<br>)<br>) |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority*. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

**Reference Order**

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

AO 85A  (Rev. 01/09) Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | | |
|---|---|---|
| JESSE LEE<br>*Plaintiffs*<br>v.<br>CITY OF GULFPORT<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 8:23-cv-02996-VMC-AEP |

**NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability*.  A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.*  The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title)*.

**Motions:** _____

_____

_____

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Reference Order**

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in accordance with 28 U.S.C. § 636(c).

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

# EXHIBIT LIST

\_\_\_\_ **Plaintiff**   \_\_\_\_ **Defendant**   \_\_\_\_ **Joint**

\_\_\_\_ **Government**   \_\_\_\_ **Court**

Case No.   **8:23-cv-02996-VMC-AEP**

Style:   **Lee v. City of Gulfport**

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

---

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objections. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's stamp.

United States District Court
Middle District of Florida

In re:

Possession and Use of Personal
Electronic Devices in Federal
Courthouses in the Middle
District of Florida

General Order

6:13-MC-94-Orl-22

This Order sets forth the Court's policy concerning the possession and use of personal electronic devices in the federal courthouses in the Middle District of Florida. Personal electronic devices are things like cellular telephones, "smart phones," laptop computers, and tablet computers.

1. **General Policy**

No one may bring a personal electronic device beyond a courthouse's security checkpoint.

2. **Exceptions**

The following exceptions to the general policy apply. Any personal electronic device carried beyond a courthouse's security checkpoint based on an exception remains subject to inspection, to Fed. R. Crim. P. 53 (prohibiting courtroom photography and broadcasting in criminal cases), and to Local Rule 4.11(a)(2) (prohibiting courtroom photography and broadcasting in all cases). Further, any person who brings in a personal electronic device under

Page 1 of 4

an exception, (a) must keep the personal electronic device on silent mode, (b) may not share it with anyone, (c) may not use it in a manner that disrupts any judicial proceeding, (d) may not use it to search for information about a potential or seated juror, and (e) may not bring it into the courtroom for the United States Court of Appeals for the Eleventh Circuit in the Bryan Simpson United States Courthouse in Jacksonville.

### 2.1. *Court-Ordered Permission*

Anyone may bring a personal electronic device beyond a courthouse's security checkpoint by presenting an order from a judge of the Court giving him or her permission to do so. The order must specify the person, place, purpose, and time frame.

### 2.2. *Employees*

Any agency employee who works in a courthouse office, a U.S. Trustee, any attorney of the United State's Attorney's Office or the Federal Defender's Office, or any law enforcement officer on official business may bring a personal electronic device beyond the courthouse's security checkpoint by presenting valid agency identification.

### 2.3. *Jurors*

At the presiding judge's discretion, any seated petit or grand juror may bring a personal electronic device beyond the courthouse's security checkpoint

during his or her service. The juror (a) must store the device in a designated receptacle at all times except during breaks, (b) may use the device only in designated areas or in the jury assembly room; and (c) may use the device only for non-case matters. The judge must provide the United States Marshals Service and the lead Court Security Officer with a memorandum setting forth the list of jurors, the case name, the case number, the beginning date of service, and the expected end date of service.

### 2.4   Attorneys

Any attorney permitted to practice law in the Middle District of Florida may bring any personal electronic device beyond the courthouse's security checkpoint by presenting a valid Florida Bar identification card or *pro hac vice* order. In addition to the restrictions set forth in paragraph 2, attorneys may not use personal electronic devices directly outside of any courtroom when court is in session.

### 2.5   Judicial discretion

Any presiding judge may modify these procedures or suspend any person's privileges granted by this Order at any time for any reason.

**Done and ordered** in chambers in Orlando, Florida, on September 26, 2013.

*Anne C. Conway*
Anne C. Conway
Chief United States District Judge

c:  Middle District Judges
   United States Marshal
   United States Attorney
   Federal Defender
   Chief Probation Officer
   Clerk of Court