UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE LEE,

    Plaintiff,

v.                      Case No. 8:23-cv-2996-VMC-AEP

CITY OF GULFPORT and
JAMES O'REILLY,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of
Defendant City of Gulfport's Amended Motion to Dismiss (Doc.
# 29), filed on September 9, 2024, and Defendant James
O'Reilly's Motion to Dismiss (Doc. # 47), filed on October 3,
2024. Plaintiff Jesse Lee responded to Gulfport's Motion on
September 20, 2024 (Doc. # 42), and, with leave of Court,
Gulfport filed a reply on October 21, 2024. (Doc. # 52). Mr.
Lee responded to Mr. O'Reilly's Motion on October 13, 2024.
(Doc. # 49). For the reasons that follow, the Motions are
granted in part and denied in part.

I.   **Background**

Mr. Lee is a Latino man who allegedly "has been unable
to conduct business selling ice cream from his mobile food
dispensing vehicle" because of "intentional discriminatory

1

treatment." (Doc. # 28 at ¶¶ 7, 109). Additionally, Mr. Lee claims that Mr. O'Reilly directed the police to issue two trespass warnings against him, which "permanently banned" him from Gulfport City Hall and the Gulfport Building Department without explaining why or how to challenge the warnings. (Id. at ¶¶ 48, 66-67, 77-78; Doc. # 28 at Exs. 2-3). As for the first trespass warning, Mr. Lee alleges that Mr. O'Reilly "caused the trespass warning to be issued in retaliation for [Mr. Lee] having filed a Racial Discrimination Complaint with the [Gulfport] City Manager's Office three days earlier." (Id. at ¶ 76). According to Mr. Lee, the second trespass warning was issued "because he asked [for] public records regarding tickets he had received." (Id. at ¶ 78).

The amended complaint separately alleges that Gulfport and Mr. O'Reilly retaliated against Mr. Lee by having him arrested for trespass while "standing on public property" outside of a private event at the Gulfport Casino. (Id. at ¶¶ 89-90, 150). According to Mr. Lee, he was arrested in furtherance of a "premeditated" plan "to prevent [Mr. Lee] from discussing [Gulfport's] pattern of racial discrimination and suppression of free speech." (Id. at ¶¶ 100, 143).

Based on these alleged facts, Mr. Lee's amended complaint asserts the following twelve claims against

Defendants: an equal protection violation (Count I); that the mobile food vendor ordinance is unconstitutionally vague (Count II); substantive due process violations for each trespass ban (Counts III and IV); First Amendment retaliation (Count V); procedural due process violations for each trespass ban (Counts VI and VII); that the trespass policy is void for vagueness (Count VIII); declaratory relief for the mobile food vendor ordinance (Count IX); declaratory relief for the trespass policy (Count X); injunctive relief for the trespass bans (Count XI); and injunctive relief for the mobile food vending preclusion (Count XII).

Defendants, Gulfport and Mr. O'Reilly, each move to dismiss the amended complaint. (Doc. ## 29, 47). Both Motions are fully briefed (Doc. ## 42, 49, 52), and ripe for review.

## II.  **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual
> allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action
> will not do. Factual allegations must be enough to
> raise a right to relief above the speculative
> level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

citations omitted). Courts are not "bound to accept as true

a legal conclusion couched as a factual allegation." Papasan

v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its

consideration to well-pleaded factual allegations, documents

central to or referenced in the complaint, and matters

judicially noticed. La Grasta v. First Union Sec., Inc., 358

F.3d 840, 845 (11th Cir. 2004).

## III. **Analysis**

### A. **Gulfport's Motion to Dismiss**

Gulfport's Motion first argues that Counts I, II, IX,

and XII of the amended complaint are precluded by res

judicata, or, alternatively, by collateral estoppel. (Doc. #

29 at 3-13). Second, Gulfport submits that Mr. Lee failed to

state a substantive due process claim relating to the trespass

warnings and Counts III, IV, and V should thus be dismissed.

(Id. at 13-17). Third, Gulfport submits that Mr. Lee failed

to state a procedural due process claim relating to the

trespass warnings such that Counts VI, VII, and VIII should be dismissed. (Id. at 17-21). Fourth, Gulfport argues that its trespass policy is not vague, and Counts IX, X, and XI should thus be dismissed for failure to state a claim. (Id. at 21-23). Fifth, and finally, Gulfport argues that Counts IX through XII should be dismissed because the relief sought is premature. (Id. at 23-24).

The Court notes that Gulfport's reply raises several arguments not included in its Motion. (Doc. # 52). These new arguments will not be considered. See Boring v. Pattillo Indus. Real Est., 426 F. Supp. 3d 1341, 1349 (N.D. Ga. 2019) ("[T]he case law is well-settled that the Court need not consider arguments in reply."); Riechmann v. Fla. Dep't of Corr., 940 F.3d 559, 579 (11th Cir. 2019) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court." (citation omitted)).

### 1. Res Judicata and Collateral Estoppel

Gulfport submits that a county court action, which found Mr. Lee guilty of sales without a permit, precludes this suit. (Doc. # 29 at 3-9). "[W]hen a federal court exercises federal question jurisdiction and is asked to give res judicata effect to a state court judgment, it must apply the 'res judicata principles of the law of the state whose decision is set up

5

as a bar to further litigation.'" <u>Amey, Inc. v. Gulf Abstract & Title, Inc.</u>, 758 F.2d 1486, 1509 (11th Cir. 1985). "The Florida doctrine of res judicata bars subsequent litigation where there is (1) identity of the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made." <u>Id.</u>

The res judicata requirements are not met. Gulfport has not established that identity of the cause of action exists — that is, that Mr. Lee's current claims regarding equal protection, due process, and the ordinance's validity are substantially the same as his county court judgment as to sales without permits. <u>See</u> <u>Carroll v. City of Detroit</u>, 410 F. Supp. 2d 615, 620 (E.D. Mich. 2006) ("Although Plaintiffs presumably could have challenged the constitutionality of the ordinances as a defense in their criminal proceedings, they could not have raised the cause of action they have asserted here. . . . [T]he City does not explain how Plaintiffs could have obtained such monetary and equitable relief in their criminal proceedings."). Because all four elements must be met, and the Court determines that at least identity of the action is lacking, Gulfport's argument fails.

Gulfport's alternate collateral estoppel argument also fails. See Vinson v. Campbell Cnty. Fiscal Ct., 820 F.2d 194, 197 (6th Cir. 1987) ("Collateral estoppel or issue preclusion is not applicable in the present case because plaintiff's section 1983 action is not the same cause of action as the state's criminal case against her; neither the validity of the summons nor the legality of the arrest was litigated or decided in the prior state court proceeding."). Collateral estoppel forecloses relitigating an issue of fact or law if the following is met: "(1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 n.6 (11th Cir. 1990) (citation omitted).

At this motion to dismiss stage, the Court cannot conclude which issues, if any, Mr. Lee should be precluded from relitigating. See Restivo v. Pennachio, No. 21-23388-CIV, 2022 WL 4355764, at *7 (S.D. Fla. Sept. 20, 2022)

(deciding not to dismiss claims based on issue preclusion "without the benefit of the full record"). Importantly, the Court is not suggesting that the county court judgment cannot later form the basis for collateral estoppel once the Court has the benefit of the full record. Id.

Therefore, the Court denies Gulfport's Motion as to Counts I, II, IX, and XII on these grounds.

### 2. Substantive Due Process

Gulfport argues that Mr. Lee's substantive due process claims regarding the trespass policy should be dismissed for failure to state a claim. Specifically, Gulfport submits (1) that its policy survives rational basis, and (2) that Mr. Lee "has not properly pled a cause of action" because he "failed to allege compliance with the necessary condition precedent" of pursuing available appellate procedures. (Doc. # 29 at 15-17). Gulfport's purported appellate procedures are found in "Written Directive 406." (Id. at 15-16). These arguments are defeated by the broad Rule 12(b)(6) standard as Mr. Lee's amended complaint plausibly states a claim for violation of his substantive due process rights.

"The test in this Circuit as to whether there has been a violation of [substantive] due process in the context of section 1983 has two prongs." Executive 100, Inc. v.

Martin Cnty., 922 F.2d 1536, 1541 (11th Cir. 1991). The Court must determine (1) that "there has been a deprivation of a constitutionally protected interest," and (2) that "the deprivation was the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation." Id. However, "conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." Waddell v. Hendry Cty. Sheriff's Office, 329 F.3d 1300, 1305 (11th Cir. 2003).

While the right is "neither fundamental . . . nor limitless," the Eleventh Circuit has "recognized a 'constitutionally protected liberty interest,' for purposes of due process, 'to be in parks or on other city lands . . . that are open to the public generally.'" Peery v. City of Miami, 977 F.3d 1061, 1071 (11th Cir. 2020) (citing Catron v. City of St. Petersburg, 658 F.3d 1260, 1266 (11th Cir. 2011)). Thus, while not limitless, Mr. Lee alleges a constitutionally protected liberty interest to be in City Hall and the Gulfport Building Department, both municipally-owned properties open to the public. (Doc. # 28 at ¶¶ 124, 134). Mr. Lee further alleges that Defendants permanently banned him from these

9

locations without justification or a process for challenging the bans. (Id. at ¶¶ 67, 78). According to Mr. Lee, these trespass warnings can be issued "for any reason or for no reason at all," and Mr. O'Reilly "caused [his] trespass warning to be issued in retaliation for [Mr. Lee] having filed a Racial Discrimination Complaint . . . three days earlier." (Id. at ¶¶ 72, 76). If proven true, this alleged unfettered use of the trespass policy is sufficient to shock the conscience.

Separately, Mr. Lee counters Gulfport's exhaustion argument by emphasizing that Written Directive 406 is not part of his amended complaint and did not exist at the time Mr. Lee was trespassed. (Doc. # 42 at 2-3, 9-10). Regardless, "the settled rule is that exhaustion of state remedies is not a prerequisite to an action under 42 U.S.C. § 1983." Knick v. Twp. of Scott, 588 U.S. 180, 185 (2019) (cleaned up).

Taking Mr. Lee's allegations as true, he has plausibly alleged that the trespass warnings violate his substantive due process rights. Therefore, the Court denies Gulfport's Motion as to Counts III and IV.

The Court understands that Gulfport's Motion also seeks dismissal of Count V under this same theory. The Motion apparently views Count V as alleging a substantive due process

violation when it is instead alleging a separate First Amendment retaliation claim relating to Mr. Lee's arrest. Accordingly, the Court does not address the argument as to Count V.

### 3. Procedural Due Process

Contrary to Gulfport's position, Mr. Lee also plausibly states a procedural due process claim as to each trespass warning. "A Section 1983 procedural due process claim requires a plaintiff to prove three elements: '(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.'" Catron, 658 F.3d at 1266 (finding that a trespass ordinance violated procedural due process because it did not provide for any type of hearing or appeal before depriving an individual of his or her right to be on city property) (citation omitted). In determining whether the third element is met, the Court balances the following factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and

the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

First, like in Catron, Mr. Lee "possess[es] a private liberty interest in lawfully visiting city property that is open to the public (an interest of which [Mr. Lee] will be deprived by the issuance of a trespass warning)." Catron, 658 F.3d at 1267; see (Doc. # 28 at ¶¶ 75, 81). Second, "the parties do not dispute that state action is present." Catron, 658 F.3d at 1267; see (Doc. # 42 at 16). Lastly, at the motion to dismiss stage, the Mathews balancing test favors Mr. Lee. That is, weighing Gulfport's interests, the allegedly indefinite or permanent nature of the trespass warnings, the allegedly absent means for challenging the trespass warnings, and the resulting risk of erroneous deprivation of liberty, the Court concludes that Mr. Lee has stated a claim. See Catron, 658 F.3d at 1267-69 (weighing the Mathews factors in plaintiffs' favor and concluding that plaintiffs sufficiently stated a procedural due process claim relating to trespass warnings); see also (Doc. # 28 at ¶¶ 39, 41, 66-67, 78).

The Court therefore denies Gulfport's Motion as to Counts VI and VII.

### 4. Vagueness

Gulfport further submits that the trespass policy is not void for vagueness. A law "can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." Wollschlaeger v. Governor, 848 F.3d 1293, 1319 (11th Cir. 2017). An unconstitutionally vague law or regulation fails to provide "fair warning as to what is prohibited," and consequently encourages "arbitrary and discriminatory enforcement" by giving a government official the sole ability to interpret the law or regulation's scope. Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972). To succeed on a vagueness challenge, the Court must "conclude that [the policy] is 'impermissibly vague in all its applications.'" Catron, 658 F.3d at 1273 (citing Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95 (1982)).

Mr. Lee alleges that Gulfport maintains a policy that "supervisors of individual city facilities are empowered to issue trespass warnings whenever they have reason to believe an individual has caused or is likely to cause a disruption

of services or put the safety of staff or the public at risk."
(Doc. # 28 at ¶¶ 39, 181; Doc. # 28 Ex. 1). Moreover, according
to Mr. Lee, "[n]o standards are established to guide
authorized employees in determining whether an individual" is
causing such a disruption or risk, and "[n]o standards are
established to warn individuals of what conduct may be
considered" such a disruption or risk. (Doc. # 28 at ¶¶ 182-
84). Based on the allegations contained in the amended
complaint, it appears that Mr. Lee's conduct may not have
been clearly proscribed by the trespass policy. Thus, the
question the Court must answer is whether it is sufficiently
clear "what the [policy] as a whole prohibits . . . in the
vast majority of its intended applications." Hill v.
Colorado, 530 U.S. 703, 733 (2000). The Court concludes that
it is.

The policy's ordinary language allowing a trespass
warning to be issued when there is reason to believe an
individual is causing or likely to cause service disruption
or safety risks "is not so broad as to encourage arbitrary or
discriminatory enforcement." Catron, 658 F.3d at 1272. Even
if Mr. Lee's conduct was not proscribed by it, there is
conduct that clearly falls within the scope of the trespass
policy. For example, impeding access to a city building or

threatening individuals is conduct that reasonably falls within the policy's scope. Thus, the Court "cannot conclude that the ordinance is facially void for vagueness because [the Court] cannot conclude that it is 'impermissibly vague in all its applications.'" Id. at 1273 (citing Hoffman Estates, Inc., 455 U.S. at 494–95).

The Court understands that Gulfport's Motion seeks dismissal of Count IX, in addition to Counts X and XI, which Gulfport submits all "brin[g] 'vagueness' claims" in relation to the challenged trespass policy. (Doc. # 29 at 21-23). However, Mr. Lee's void for vagueness challenge to the trespass policy is found in Count VIII, not Count IX. Accordingly, the Court interprets Gulfport's vagueness argument as applying to Count VIII instead.

Therefore, the Court grants Gulfport's Motion as to the void for vagueness claim and dismisses Count VIII of the amended complaint with prejudice. To the extent Count X seeks declaratory relief regarding the trespass policy being void for vagueness, that too is dismissed.

### 5. Injunctive and Declaratory Relief

Gulfport argues that Counts IX through XII are "not yet ripe" because "it does not appear that [Mr. Lee] intends to avail himself of available administrative appeals to the City

Manager's Office." (Doc. # 29 at 23). Again, Mr. Lee responds that "there was no 'administrative appeals process' in existence" at the time of his trespass warnings, and that Gulfport "fails to identify any authority whatsoever requiring [Mr. Lee] to exhaust administrative remedies before challenging the constitutionality of [the] trespass warnings." (Doc. # 42 at 18-19). Indeed, exhaustion of administrative state remedies is not required before bringing an action under 42 U.S.C. § 1983. See Knick, 588 U.S. at 185. Gulfport's exhaustion of remedies argument accordingly fails.

Therefore, the Court denies Gulfport's Motion as to Counts IX through XII.

### B. **Mr. O'Reilly's Motion to Dismiss**

Mr. O'Reilly first argues that Mr. Lee failed to state a claim for his procedural or substantive due process claims. (Doc. # 47 at 10-17). Second, he argues that Mr. Lee failed to state a claim for First Amendment retaliation. (Id. at 17-22). Third, Mr. O'Reilly argues that Count VIII is moot because the trespass policy has been replaced. (Id. at 22-25). Additionally, Mr. O'Reilly asserts that he is protected by qualified immunity. (Id. at 8-10, 17).

### 1. Procedural and Substantive Due Process

For the reasons already explained, Mr. Lee has stated plausible claims for both procedural and substantive due process violations. Therefore, the Court denies Mr. O'Reilly's Motion as to these claims.

### 2. First Amendment Retaliation

Mr. O'Reilly argues that Mr. Lee failed to state a First Amendment retaliation claim. The Court notes, however, that Mr. O'Reilly's Motion contains factual allegations not included in the amended complaint, seemingly to refute Mr. Lee's well-pled factual allegations. For example, Mr. O'Reilly alleges that there was probable cause for Mr. Lee's arrest because he was arrested "based on City officials' prior experiences with him." (Doc. # 47 at 21). The Court must take Mr. Lee's well-pled allegations as true and will not consider Mr. O'Reilly's contrary allegations at the motion to dismiss stage. See La Grasta, 358 F.3d at 845 (restricting the Court's review "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.").

"To bring a First Amendment claim for retaliation, a plaintiff generally must show: (1) he 'engaged in constitutionally protected speech,' (2) 'the defendant's

retaliatory conduct adversely affected that protected speech,' and (3) 'a causal connection exists between the defendant's retaliatory conduct and the adverse effect on the plaintiff's speech.'" Jennings v. Smith, No. 23-14171, 2024 WL 4315127, at *4 (11th Cir. Sept. 27, 2024) (citing DeMartini v. Town of Gulf Stream, 942 F.3d 1277, 1289 (11th Cir. 2019)). Moreover, "[t]he plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." Nieves v. Bartlett, 587 U.S. 391, 402 (2019).

Taking Mr. Lee's allegations as true, he has plausibly alleged that his protected speech – both his right to speak about "Gulfport's treatment of people of color and . . . handling of free speech," and his right to film law enforcement officers – were adversely affected by the allegedly unprompted arrest. (Doc. # 28 at ¶¶ 142, 144, 150). According to Mr. Lee, he was standing on public property at the time of his arrest. (Id. at ¶ 89). He further alleges that Mr. O'Reilly "had a premeditated plan to arrest" Mr. Lee and that his "arrest was not based upon any legitimate concern for safety or property but rather [Mr. Lee's] lengthy history of criticizing [Gulfport]." (Id. at ¶¶ 143, 147). Mr. Lee has sufficiently pleaded retaliatory animus and that his arrest was not supported by probable cause.

18

The Court thus denies Mr. O'Reilly's Motion as to the First Amendment retaliation claim.

### 3. Mootness

Mr. O'Reilly posits that Count VIII, which asserts that the trespass policy is void for vagueness, is now moot because the policy has since been replaced by an ordinance. (Doc. # 47 at 22). "Generally, a challenge to the constitutionality of a statute is mooted by repeal of the statute." Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1329 (11th Cir. 2004). Indeed, "when an ordinance is repealed by the enactment of a superseding statute, then the 'superseding statute or regulation moots a case only to the extent that it removes challenged features of the prior law.'" Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1310 (11th Cir. 2000).

However, challenged features of the prior policy allegedly remain here, as Mr. Lee alleges that he is still banned from City Hall and the Gulfport Building Department pursuant to the prior policy. (Doc. # 28 at ¶ 80). The case or controversy thus remains live, and the claim is not moot.

Nevertheless, for the reasons already explained, Count VIII is dismissed for failure to state a claim.

### 4. Qualified Immunity

Mr. O'Reilly claims he is entitled to qualified immunity as to Counts III, IV, VI, and VII because "there was no clear violation of an established constitutional right alleged." (Doc. # 47 at 17).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citation omitted). "Qualified immunity protects public officials from suit in their individual capacities for reasonable, discretionary actions performed in the course of their duties." Johnson v. Houston Cnty. Georgia, 758 F. App'x 911, 915–16 (11th Cir. 2018). "But qualified immunity offers no protection if the plaintiff can show that the defendant, even though engaged in a discretionary job duty, violated a constitutional right that was clearly established at the time of the misconduct." Id. at 916. "Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the 'complaint fails to allege the violation of a clearly established constitutional right.'" Corbitt v. Vickers, 929 F.3d 1304, 1311 (11th Cir. 2019).

20

"To invoke the defense of qualified immunity, a government official must have been acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Spencer v. Benison, 5 F.4th 1222, 1230 (11th Cir. 2021). "After a government official establishes that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to show that the official's conduct (1) violated federal law (2) that was clearly established at the relevant time." Id. "The ordinary way of showing that a right is clearly established is by showing that 'a materially similar case has already been decided.'" Bradley v. Benton, 10 F.4th 1232, 1242 (11th Cir. 2021) (citation omitted).

Mr. O'Reilly established that he was acting within the scope of his discretionary authority as City Manager when he informed the police to warn Mr. Lee about his trespass. (Doc. # 47 at 13-14). However, at this motion to dismiss stage, Mr. Lee has satisfied his burden of alleging that Mr. O'Reilly violated his clearly established right to due process. The Supreme Court held that "the freedom to loiter for innocent purposes is part of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment." City of Chicago v. Morales, 527 U.S. 41, 53 (1999). Eleventh Circuit precedent

21

also establishes that there is "a constitutionally protected liberty interest to be in parks or on other city lands of their choosing that are open to the public generally." Catron, 658 F.3d at 1266; see also Peery, 977 F.3d at 1071. Thus, the right to be on city property that is generally open to the public for innocent reasons is clearly established.

The amended complaint alleges that the trespass warnings banning Mr. Lee from City Hall and the Building Department were issued after innocent conduct – that is, after Mr. Lee filed a racial discrimination complaint and after he asked for public records about his tickets, respectively. (Doc # 28 at ¶¶ at 76, 78). Accepting that as true, Mr. O'Reilly did not have the authority to have Mr. Lee permanently banned from these city properties.

The Court thus determines that Mr. O'Reilly is not entitled to qualified immunity at this juncture. Mr. O'Reilly may, of course, raise the qualified immunity defense again on a motion for summary judgment.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)    Defendant City of Gulfport's Amended Motion to Dismiss (Doc. # 29) is **GRANTED** in part and **DENIED** in part.

(2)    Defendant James O'Reilly's Motion to Dismiss (Doc. # 47)
       is **DENIED.**

(3)    Count VIII of the amended complaint (Doc. # 28) is
       **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day
of January, 2025.

_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE