UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE LEE,

    Plaintiff,

v.                                  CASE NO.: 8:23-cv-2996-VMC-AEP

CITY OF GULFPORT and
JAMES O'REILLY

    Defendants.
_____/

## DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE LATE ANSWERS TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendants, CITY OF GULFPORT ("the City") and JAMES O'REILLY ("Mr. O'Reilly"), by and through the undersigned counsel, and hereby file this Joint Motion for Leave to File Late Answers to Plaintiff's Amended Complaint, pursuant to Fed. R. Civ. P. 6(b)(B), and in support state:

1. This Court ruled on Defendants' Motions to Dismiss Plaintiff's Amended Complaint on January 22, 2025. [Doc. 67].

2. Due to an inadvertent oversight and calendaring error on Defendants' part, Defendants failed to timely file Answers by the February 5, 2025 deadline. However, no discovery has taken place between February 5, 2025 and today in this case. Instead, the Court recently continued the discovery and dispositive motion deadlines [Doc 70] until February 28, 2025, and March 28, 2025, to allow further

discovery depositions to take place. As a result, Plaintiff will not be prejudiced in any way from an order granting this motion.

3. Defendants have prepared and served draft Answers and Affirmative Defenses to Plaintiff's counsel at the time of this filing[1].

### **ARGUMENT**

Rule 6(b) of the Federal Rules of Civil Procedure provides in pertinent part, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Ultimately, the determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*.

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," the Supreme Court has clarified that " 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 392 (footnotes and citations omitted); *see also id*. at 394–95(construing a bankruptcy rule and clarifying that excusable neglect can include an "inadvertent or negligent omission"). Moreover, the Eleventh Circuit expresses a "strong preference that cases be heard on the merits," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam), and "strive[s] to afford a litigant his or her

---

[1] Pursuant to Local Rule 3.01(a), the Answers are not to be filed with said Motion; however, Defendants are fully prepared to immediately file these should the Court grant this Motion.

day in court, if possible," *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005).

Here, Defendants' failure to timely file Answers was solely due to oversight/inadvertence and calendaring errors, not knowingly or with reckless disregard. [See Affidavit attached as Exhibit 'A'] Defendants have participated in extensive discovery already, allowed Plaintiff to depose numerous City employees and sufficient time still exists to file dispositive motions without prejudice to either party. Plaintiff will suffer no prejudice as a result of the late filing, despite his conclusory assertions to the contrary, other than having to continue to litigate, which does not suffice as a reason. *Washington v. Washington*, 2015 WL 9918155, at *7 (N.D. Fla. Nov. 24, 2015), report and recommendation adopted, 2016 WL 335870 (N.D. Fla. Jan. 26, 2016). Finally, a default is a drastic remedy and should not be resorted to when a party has demonstrated a clear intent to defend. *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 237 (M.D. Fla. 1993).

## CERTIFICATE OF 3.01(g) CONFERRAL

Defendants conferred with Plaintiff's counsel regarding this instant Motion on February 14, 2025, via phone, and she opposes the relief sought.

## CERTIFICATE OF SERVICE

I certify that on February 17, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Donovan Roper*
DONOVAN A. ROPER, ESQUIRE
Florida Bar No.: 0858544