UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:23-cv-02996-VMC-AEP

JESSE LEE,

    Plaintiff,
vs.

CITY OF GULFPORT and
JAMES O'REILLY

    Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT

COMES NOW, Defendants, CITY OF GULFPORT and JAMES O'REILLY, by and through the undersigned counsel, and hereby respond in opposition to Plaintiff's Motion for Entry of Default [Doc. 72], and in support state:

1. On February 14, 2025, in the late hours of the afternoon on a Friday, Plaintiff filed his Motion for Entry of Default by the Clerk without conferring with counsel for Defendants prior to filing said motion. Plaintiff has therefore not complied in any way with Local Rule 3.01(g) and has made no reference to same in his motion stated.

2. As pointed out in Plaintiff's motion, pursuant to Rule 12(a)(4)A, Fed. R. Civ. P., Defendants were required to file their Answers to Plaintiff's First Amended Complaint within fourteen (14) days of the entry of the Order which determined the motions to dismiss [Doc. 67].

3. Twenty-two (22) days had elapsed between the Order and Plaintiff's motion, making Defendants eight (8) days late by the time of the filing of the motion. However, as stated in the simultaneously filed Motion for Leave to File Answers out of Time, excusable neglect by defense counsel has been admitted on missing the calendaring deadline. [Doc 73]

4. The parties neither served any discovery in that time period, nor took any depositions, and neither party filed a Motion for Summary Judgment or pre-trial motion at this stage of the case. Instead, the Court recently extended the deadlines for both discovery and dispositive motions filing deadline until February 28, 2025, and March 28, 2025.

5. Plaintiff's conclusory assertion that he was prejudiced "by being forced to conduct discovery without the benefit of an answer to the Amended Complaint informing him of which facts are disputed, and without knowledge of what affirmative defenses if amy [sic] Defendants intend to assert" is without any basis and wholly manufactured.

6. Defendants have timely worked to rectify the inadvertent calendaring error, promptly filing *nunc pro tunc* Answers the next business day after Plaintiff's motion, recognizing the need for leave of court to file a late Answer but wanting to get its positions and affirmative defenses in the docket to avoid any further alleged delay in the finalization of pleadings in this matter.

7. Allowing Plaintiff to obtain a default judgment under the circumstances in this case would contravene longstanding Eleventh Circuit policy

favoring resolution of dispute on their merits, when there are a lot of material issues of fact in dispute in this case that are left to be decided, either by this Court or a jury. "[T]he drastic remedy of a default judgment should not be resorted to **where a party has made a clear intent to defend**." *See Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 237 (M.D. Fla. 1993); *see also* 2007 Advisory Committee Notes to Fed. R. Civ. P. 55(a) (courts routinely reject default where **party shows intent to defend** even if not connected with any rule); *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014) ("[W]e have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible.").

8.     Defendants have continuously evinced their strong desire to defend this case. Extensive discovery has taken place in this case, Plaintiff's deposition was already taken—but not finished—on January 22, 2025, in a seven-hour deposition, and Plaintiff has had a chance to depose both CITY OF GULFPORT's corporate representative—which is also an ongoing deposition that is set to be completed later this week—as well as Defendant JAMES O'REILLY, on January 2, 2025. In other words, this is a case that is still actively being litigated.

9.     Again, Plaintiff failed to confer with Defendants' counsel, per Local Rule 3.01(g), prior to filing this motion for default and does not allege compliance with Lcoal Rule 3.01(g). A Local Rule 3.01(g) conferral is required prior to filing a Motion for Default. S*ee United States v. Louisville*, No. 8:20-cv-559-T-33CPT, 2020 WL 10180591, at *2 (M.D. Fla. June 8, 2020) ("Given its prior

communications with [a defendant], it was incumbent upon the [plaintiff] under Local Rule 3.01(g) to confer with him prior to filing its Application [for a clerk's default]."); *PNC Equip. Fin., LLC v. Taos Ventures, LLC*, No. 5:13-cv-529-Oc-PRL, 2014 WL 12625121, at *1 (M.D. Fla. Mar. 21, 2014) ("Although there are limited exceptions to Local Rule 3.01(g), there is no exception regarding a motion for default.").

10. In Plaintiff's Motion, he neither *alleged* that he had had contact Defendants' regarding their response to the Amended Complaint, nor included a certification of compliance with Local Rule 3.01(g). The Motion was clearly intended as a "gotcha" litigation tactic, rather than a good-faith motion, and is in clear contravention of the federal courts' preference for deciding a case on the merits. Plaintiff was and is well aware that Defendants are actively defending this case. See *Dimanche v. Jackson*, No. 6:22-CV-2073-CEM-DCI, 2024 WL 579202, at *1 (M.D. Fla. Feb. 13, 2024) (denying plaintiff's motion for default and to strike responsive motion to dismiss amended complaint filed same day where the failure to conduct a Local Rule 3.01(g) conferral showed plaintiff's clear "gotcha" litigation strategy).

11. This Court should deny Plaintiff's Motion for Entry of Default. While Defendants regret not timely responding to Plaintiff's First Amended Complaint following this Court's Order, Plaintiff has not suffered any prejudice from the delay, did not confer regarding the motion, and was and is aware that Defendants have been actively defending this case.

## CERTIFICATE OF SERVICE

      I certify that on February 17, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                        */s/ Donovan Roper*
                                        DONOVAN A. ROPER, ESQUIRE
                                        Florida Bar No.: 0858544
                                        R. DUSTYN RING, ESQUIRE
                                        Florida Bar No.: 1049924
                                        **ROPER & ROPER, P.A.**
                                        116 North Park Avenue
                                        Apopka, FL 32703
                                        TEL: (407) 884-9944
DAR/RDR:lb                        FAX: (407) 884-4343
                                        email@roperandroper.com
                                        dring@roperandroper.com
                                        kroper@roperandroper.com