# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

JESSE LEE                                       CASE NO. 8:23-02996-VMC-AEP

    Plaintiff,

v.

CITY OF GULFPORT

    Defendant

## PLAINTIFF JESSE LEE's RESPONSES TO
## DEFENDANT CITY OF GULFPORT'S REQUEST TO PRODUCE TO PLAINTIFF

Plaintiff Jesse Lee ("Lee" or "Plaintiff"), by and through counsel, responds to DEFENDANT GULFPORT'S REQUEST TO PRODUCE TO PLAINTIFF as follows:

1) **RESPONSE:**

*Plaintiff is not in possession of any responsive documents.*

2) **RESPONSE:**
*Plaintiff is not in possession of any responsive documents.*

3) **RESPONSE:**

*Plaintiff is not in possession of any responsive documents.*

4) **RESPONSE:**

*Plaintiff is not in possession of any responsive recordings.*

Dated on this 27th day of February, 2025.

MARCY I. LAHART, P.A.

<u>/s/ Marcy I. LaHart, Esq.</u>
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
249 SE Tuscawilla Road
Micanopy, FL 32667
(352) 545-7001
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERITIFY that a true and correct copy of the foregoing was served on this 27th day of February, 2025 by electronic mail to Donovan A. Roper Esq. and Dustyn Ring Esq., ROPER & ROPER, P.A. 116 North Park Avenue, Apopka, FL 32703 to the following email addresses:

email@roperandroper.com

donroper@roperandroper.com

dring@roperandroper.com

/s/ *Marcy LaHart*
Marcy LaHart

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:23-cv-02996-VMC-AEP

JESSE LEE,

    Plaintiff,

vs.

CITY OF GULFPORT,

    Defendant.
_____/

## DEFENDANT, CITY OF GULFPORT'S THIRD REQUEST TO PRODUCE TO PLAINTIFF

Defendant, CITY OF GULFPORT, by and through the undersigned counsel, and pursuant to F. R. Civ. P. 34, requests that Plaintiff, JESSE LEE, produce for inspection and copying any and all documents produced pursuant to this request in the time and manner prescribed in the aforementioned rule.

### INSTRUCTIONS

1. You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request. Documents are to be produced in full and unexpurgated form.

2. This request shall be deemed continuing, if permitted by rule, so as to require further and supplemental production in the event that the party requested to produce, or any of its attorneys, agents, or representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3. If any documents covered by this request are withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished at the time that documents are produced identifying each such documents for which the privilege is claimed specifically by its nature (*i.e.*, letter, memorandum, etc.) together with the following information with respect to any such document withheld author; recipient; sender; indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph of this Request to which such document relates.

4. If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

5. In the event that any document called for by this Request has been destroyed, lost, discarded, or otherwise disposed of each such document is to be identified as completely as possible, including, without limitation, the following information: author; recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

6. All objections to any category of documents to be produced pursuant to this Request or to any definition or instruction it contains shall be in writing and delivered to defendant's counsel within the time provided by Rule, or at such other time as is agreed upon by the parties or ordered by this Court.

7. Where identification of a document is requested, please set forth the identity of its author or originator, the date of such authorship or origination, the identity of each person to whom the original or copy was addressed or delivered, the identity of each person known or reasonably believed to have present possession, custody, or control thereof, and a brief description of the subject matter thereof.

8. Where identification of a person is requested, please set forth the person's name, last-known home and business address and telephone number, and relation to Plaintiff, if any.

9. If any requested documents are claimed to be protected under a recognized privilege under federal law, or are otherwise claimed to be confidential or non-discoverable for any reason, provide a privilege log as

contemplated by Rule, which identifies each such document with particularity including the name of the author and recipient, the date it was prepared, the number of pages, the general subject matter and the specific nature of any privilege claimed which precludes production so as to permit further discovery and/or an in-camera inspection of such documents.

## **DEFINITIONS**

1. "Plaintiff," and "you," or "your" means JESSE LEE, his agents and representatives including his attorneys.

2. "Defendant," means JAMES O'REILLY and/or THE CITY OF GULFPORT.

3. The term "person" means any individual, corporation, partnership, joint venture, group, association, body politic, government agency, unit, or other organization.

4. The term "incident" or "subject incident" means any acts or omissions that you assert form the bases for the claims set forth in the First Amended Complaint [Doc. 28].

5. The terms "identify" or "the identity of" or equivalent language with reference to a natural person shall mean to give his or her entire name, his or her last known residence address, and, if employed, the name and address of his or her employer and his or her job title or position. With reference to a person who is not an individual, such terms mean to state the full name and principal office address of such person.

6. "Document" or "documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all writings, letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, notes to file, reports, pictures, photographs, tapes, video recordings, memoranda, mechanical and electronic recordings or transcripts of same, blueprints, flow sheets, calendar or diary entries, memoranda of conversations, telephonic or otherwise, memoranda of meetings or conferences, studies, reports, interoffice and interoffice communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers,

3

canceled checks, check stubs, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness, and all drafts and copies of documents as hereinabove defined by whatever means made. if multiple copies of any documents exist, each copy which is in any way not completely identical to a copy which is referenced shall also be produced.

7. The terms "the identity of" or "to identify" or equivalent language shall with reference to a document mean to:

(1) Describe it in language which would be sufficient to obtain its production if used in a request for production directed to you;

(2) State its customary business description, its nature and substance with sufficient particularity to enable it to be identified, its number (if any), and its date (if any);

(3) Identify the person(s) who generated it and its current custodian(s).

8. All other words have their plain and ordinary meaning.

## DOCUMENTS TO BE PRODUCED

1) Any and all applications Plaintiff, JESSE LEE has filed for a permit pursuant to Section 22-6.12(b) of the City of Gulfport Code of Ordinances.

2) Any applications submitted or filed by Plaintiff for operating on City of Gulfport public property or City of Gulfport public rights-of-way in conjunction with a special event.

3) And any and all documents submitted or filed by Plaintiff associated with Plaintiff, JESSE LEE's discrimination petition that he allegedly filed on or about September 1, 2020.

4) Any and all phone call recordings that Plaintiff has made of calls between Plaintiff and CITY OF GULFPORT employees.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January, 2025, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties and pro se litigants.

                                                  */s/ Donovan Roper*
                                                  DONOVAN A. ROPER, ESQUIRE
                                                  Florida Bar No.: 0858544
                                                  R. DUSTYN RING, ESQUIRE
                                                  Florida Bar No.: 1049924
                                                  **ROPER & ROPER, P.A.**
                                                  116 North Park Avenue
                                                  Apopka, FL 32703
                                                  TEL: (407) 884-9944
                                                  FAX: (407) 884-4343
                                                  email@roperandroper.com
                                                  dring@roperandroper.com
DAR/RDR/kr                        kroper@roperandroper.com