UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE LEE                                       CASE NO. 8:23-cv-02996-VMC AEP

    Plaintiff

v.

CITY OF GULFPORT
&
JAMES O'REILLY

    Defendants

## PLAINTIFF JESSE LEE'S REPLY TO CITY OF GULFPORT's RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P 56 and Local Rule 3.01, Plaintiff JESSE LEE ("LEE" or "Plaintiff") replies to the Defendant CITY OF GULFPORT's (GULFPORT) Response to Plaintiff's Motion for Summary Judgment [DE 92] and respectfully states:

**GULFPORT has failed to demonstrate the existence of any genuine issue of material fact precluding summary judgment regarding its blatant violation of JESSE LEE's right to procedural due process.**

GULFPORT's response asserts that LEE's Motion for Summary Judgment, (which is a Motion for Partial Summary Judgment,) fails because the case law cited by LEE does not "suffice to show" he has a "constitutionally protected liberty interest in *unfettered access* to" City Hall and the Building Department. GULFPORT's oft repeated hyperbole is a red herring, LEE has never asserted a right to unfettered access to city property.

GULFPORT criticizes LEE's failure to distinguish "the different types of government fora." That is because LEE challenges the two trespass warnings he was given based upon

violation of his due process rights, not on his First Amendment Rights. GULFPORT asserts that *Catron v. City of St. Petersburg*, 658 F.3d 1260 (11th Cir. 2011), which found an ordinance allowing issuance of trespass warnings limited in duration to one year for a first-time violation and two years for all other violations nonetheless violated procedural due process because "it provides no procedural means for a warning-recipient to challenge the warning," *Id.* at 1268, is distinguishable because the case "undeniably involved a traditional public forum-a city park." The *Catron* case was decided based upon a due process violation, not a free speech violation, and in fact the 11th Circuit expressly rejected plaintiffs' First Amendment claims. ("we conclude that Plaintiffs have not alleged facts to support a claim that the "trespass policy as a whole prohibits a 'substantial' amount of protected speech in relation to its many legitimate applications") *Catron* at 1269 n.9.

According to GULPORT:

> Not only did Plaintiff forfeit any limited liberty interest he may have had in accessing City Hall without restrictions, but the City had a perfectly sensible basis for excluding Plaintiff from City Hall due to his repeatedly demonstrated hostile tendency to verbally disrupt and disrespect Gulfport's City Hall's workplace environment, as such behaviors are utterly inconsistent with the purpose of the nonpublic forum involved.

GULFPORT continues to miss the point. The unilateral and unequivocal declaration of GULFPORT and its counsel that LEE has forfeited his "limited liberty interest" even if true would not mean LEE has forfeited his right to due process. Whether or not GULFPORT had "a perfectly sensible basis" for trespassing LEE, GULFPORT did so without providing him notice of the basis of the trespass or a right to appeal either the trespasses he was issued or their scope or duration. The fact that LEE has been allowed to attend City Council meetings does not change the fact that he was denied any opportunity to challenge the trespass warnings he received.

Although it has not raised this argument before, GULFPORT suddenly finds it "worth noting" that "providing LEE a 'neutral decision maker' would <u>not</u> entail insignificant expense or burden for the small city of Gulfport, Florida, which has a population of 11,783." (emphasis added) First, it is improper to raise a new defense in a response to a summary judgment motion. *See generally Starbuck v. R.J. Reynolds Tobacco Co.*, 349 F. Supp. 3d 1223, 1229 (M.D. Fla. 2018) Second, a meaningful opportunity for a hearing regarding a trespass from publicly owned property is a basic constitutional right that must be provided not just to LEE, but to anyone subject to a government action that impinges on his or her life, liberty, or property. Third, there is no requirement that to prevail on a procedural due process claim an individual who was not given an opportunity for a hearing to somehow magically prove that s/he would have requested a hearing if he or she had been given the chance. GULFPORT cites no authority to the contrary. Accordingly, GULFPORT's speculation that LEE would not have "earnestly utilized or even pursued" an opportunity for a hearing is irrelevant. Finally, even if GULFPORT had raised this argument previously, the record is wholly devoid of any evidence that providing individuals trespassed from city-owned property, including LEE a meaningful opportunity to be heard would impose undue fiscal or administrative burdens on GULFPORT.

GULFPORT finds it "worth emphasizing again" that LEE "has **not** been banned" (emphasis in the original) from City Hall because he may still attend public meetings there. If LEE had challenged the trespass based upon a violation of his First Amendment rights that oft repeated fact might actually be relevant.

Despite the sworn deposition testimony of GULFPORT's City Manager and GULFPORT's Chief of Police confirming the existence of the trespass policy allowing supervisors of city facilities to issue a trespass warning permanently banning an individual from

returning to the facility under threat of arrest whenever the supervisor feels the individual "has caused or is likely to cause a disruption of public services or put the safety of staff or the public at risk" DE 87-2, 5:13-20, DE 87-3 11: 21-12:15. GULFPORT concludes its response to LEE's Motion for Partial Summary Judgment by asserting LEE has not demonstrated a *Monell* custom or policy because "he does not point out **any** separate prior incidents involving other individuals." (emphasis in the original) Denying that GULFPORT has a trespass policy in the face of uncontroverted evidence of existence of GULFPORT's policy is not zealous advocacy, it is gaslighting. Nonetheless, LEE attaches as Exhibit 1 a compilation of more than 30 trespass warnings banning "other individuals" from city-owned properties which were provided by GULFPORT in discovery. If the trespasses have any expiration listed, it is noted as "none," "N/A," "never" or "indefinite."

**GULFPORT has failed to demonstrate the existence of any genuine issue of material fact precluding summary judgment determining that GULFPORT violated LEE's right to substantive due process.**

LEE challenges GULFPORT's policy of permanently trespassing individuals from city property without informing them of the basis of the trespass or providing a meaningful opportunity for a hearing regarding the issuance of the trespass or its duration. GULFPORT cites to *Cty. of Sacramento v. Lewis*, 523 U.S. 833 (1988) as shielding it from liability for substantive due process violations because, according to GULFPORT, permanently banning LEE from city property allegedly fails to "shock the contemporary conscience."  In *Lewis* the plaintiff sought to impose liability based upon the conduct of an individual police officer that engaged in a high-speed chase. Substantive due process challenges to generally applicable government policies that do not impinge on fundamental rights are subject to "rational basis review," meaning that the

policy will survive only if it is rationally related to a "legitimate" government purpose. *Littlejohn v. Sch. Bd. of Leon Cty.*, 132 F.4th 1232, 1281 (11th Cir. 2025)

In a recent and highly instructive case emphasizing the distinction between substantive-due-process challenges to "legislative" and "executive" actions, *Littlejohn v. Sch. Bd. of Leon Cty.*, *Id.,* the 11th Circuit recently reaffirmed that the "shocks the conscience" standard does not apply in determining whether generally applicable government policies like GULFPORT's trespass policy violate substantive due process. *Id.* at 1242. ("school board rule of general applicability" is legislative and therefore not subject to the so-called "shocks the conscience" test).

A policy of permanently/indefinitely banning an individual from city owned property via a trespass warning without informing him/her of why she is being trespassed or providing any opportunity to challenge the issuance of the trespass warning is not rationally related to any government interest.

GULFPORT asserts:

> there is simply no reason to think that trespassing an individual from a nonpublic forum who had a demonstrated history of verbally and profanely abusing City officials, taunting them, engaging in and threatening violence against them, and disrupting their workplace environment in a nonpublic forum is behavior which would "shock the contemporary conscience."

Even assuming the ever expanding list of LEE's acts that supposedly justify trespassing is legitimate, in GULFPORT a person need not have done any of those things to be permanently trespassed from City property. A person can be permanently trespassed without an opportunity for a hearing merely because a city official thinks an individual is likely to "cause a disruption of services," and according to GULFPORT's former police chief, a person can be permanently

5

trespassed from GULFPORT property for any reason or no reason at all. [DE 87-3, 47:4-7] Permanently excluding individuals from city property and subjecting them to arrest if they return, without identifying the alleged conduct that led to the trespass warning, and without providing a meaningful opportunity to be heard is an arbitrary and unreasonable use of government power that should shock the conscience of anyone with a basic sense of fairness let alone a rudimentary understanding of the United States Constitution, and cannot survive rational basis review.

GULFPORT feels "it is important to again emphasize that Plaintiff has not been banned from City Hall, but instead has simply had his access restricted." GULFPORT is correct that LEE has not been banned from City Hall, he has been banned from the "whole campus of City Hall" which includes other city facilities. [DE 87-2, 61:16-62-7] GULFPORT concludes that since LEE "has alternative channels of communication in the way of physically attending City Council meetings," "[t]he City's actions demonstrably comply with the case law on First Amendment interests in accessing the various types of public fora and the reasonable First Amendment restrictions that may be imposed therein." LEE has not alleged that his First Amendment rights have been violated.

## CONCLUSION

Plaintiff JESSE LEE has never asserted an unfettered right to access city property, nor has he asserted the challenged trespass warnings violate his free speech rights. GULFPORT's own employees confirmed the existence of the trespass policy allowing supervisors of city facilities to ban individuals from city-owned properties without a meaningful opportunity to appeal and that such trespasses are permanent. GULFPORT has failed to identify any disputed issue of fact that

precludes granting summary judgment to JESSE LEE on his procedural and substantive due process claims.

WHEREFORE, for the reasons stated above, Plaintiff Jesse Lee's Partial Motion for Summary Judgment should be granted.

>MARCY I. LAHART, PLLC
>861 S. 40th Street
>Tacoma, WA 98418
>Telephone: (352) 545-7001
>Facsimile: (888) 400-1464
>Email: marcy@floridaanimallawyer.com
>
>BY: s/ Marcy I. LaHart
>Marcy I. LaHart, Esq.
>Florida Bar No. 0967009
>*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 2nd day of July, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a copy of the electronic filing and notice of its filing via electronic mail service to all counsel of record.

>BY: s/ Marcy I. LaHart
>Marcy I. LaHart, Esq.