UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE LEE                                   CASE NO. 8:23-cv-02996-VMC AEP

    Plaintiff

v.

CITY OF GULFPORT
&
JAMES O'REILLY

    Defendants

### PLAINTIFF JESSE LEE'S REPLY TO JAMES OREILLY'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P 56 and Local Rule 3.01, Plaintiff JESSE LEE ("LEE" or "Plaintiff") replies to the Defendant JAMES OREILLY's (O'REIILY) Response to Plaintiff's Motion for Summary Judgment [DE 93] and respectfully states:

### INTRODUCTION

Like his Co-Defendant CITY OF GULFPORT, ("GULFPORT"), O'REILLY confounds due process with free speech. O'REILLY asserts that he is entitled to qualified immunity because no clearly established law established that trespassing LEE violated LEE's constitutional rights given what a potty mouthed jerk LEE is alleged to be and because LEE is still being allowed to conduct business at City Hall. However, the liberty interest in accessing and remaining in public places is well-established, and contrary to Defendants' apparent misunderstanding, individuals have the right to enter public places for reasons other than exercising their free speech rights. O'REILLY also asserts that LEE's right to procedural due process was not violated because the cases relied upon by LEE "do not involve a nonpublic

forum like Gulfport's City Hall or Building Department." However, the primary case relied upon by Lee, *Catron v. City of St. Petersburg*, 658 F.3d 1260 (11th Cir. 2011), did not involve a First Amendment challenge, and the plaintiffs were not exercising their free speech rights, rather they were sleeping in city parks. The fact that city parks are traditionally a public forum did not underpin the 11th Circuit's ruling that trespassing individuals from "parks <u>or other city lands</u> of their choosing" (emphasis added) without a process by which to challenge their exclusion violated their rights to due process. Finally, O'REILLY asserts that LEE's substantive due process rights were not violated because permanently excluding LEE from accessing city property is not "shocking to the contemporary conscience" and he has not been excluded from a traditional public forum, again showing an inability or unwillingness to distinguish cases decided on due process grounds from cases based upon free speech rights.

> I. **The requirement to provide individuals with a meaningful opportunity to be heard before excluding them from public property open to the public was well established.**

According to O'REILLY, in determining whether he is entitled to qualified immunity,

> *the relevant inquiry here is whether Mr. O'Reilly violated any "clearly established law" when Plaintiff was trespassed from two nonpublic fora (the City Hall and the adjacent Building Department) pursuant to Florida's trespass statute, while Plaintiff was still being allowed to conduct business at City Hall, which includes paying his utilities, requesting public records, and speaking with public officials during City Council sessions, and otherwise.*

LEE respectfully disagrees. The relevant inquiry is whether O'REILLY violated clearly established law when he caused two trespass warnings, one of permanent duration and one of indefinite duration, to be issued to LEE subjecting him to future arrest if he returned to city property without informing him of the basis for their issuance or affording him a meaningful pre

or post deprivation hearing to challenge his exclusion from city owned property. The right to access to public places was well-established by *City of Chicago v. Morales*, 527 U.S. 41 (1999), which held that "the freedom to loiter for innocent purposes [in a public place] is part of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment, and that "an individual's decision to remain in a public place of his choice" is a part of his liberty. *Id*. Relying in part on *City of Chicago*, in *Catron v. City of St. Petersburg*, I658 F.3d 1260, 1266 (11th Cir. 2011) the 11th Circuit found an ordinance allowing city employees to issue trespass warnings to citizens was unconstitutional even though the trespasses were of limited duration (up to one year for first offenders and up to two years for all other violations), and even though the trespass warning form used by city employees at least hinted of the possibility of the trespass being rescinded[1]. In comparison, one of the trespass warnings O'REILLY caused to be issued to LEE was "permanent" and the other was for an "indefinite duration" and neither made mention of a procedure to challenge the trespass warnings.

    O'REILLY also asserts:

    "Because the Plaintiff has not, and cannot, point to any "clearly established right" for him to be present in such nonpublic fora, at any time he wishes and with the prerogative to do that which he wishes to do, to include often profane verbal and physical assaults (as discussed in more detail below), Mr. O'Reilly is entitled to qualified immunity."

    LEE has never asserted a right to be present on city-owned property "at any time he wishes and with the prerogative to do that which he wishes to do." To the contrary, the operative complaint in this matter alleges that LEE would like to visit City Hall and the Building

---

[1] The trespass warning form stated "You are hereby notified that your presence is no longer welcome . . . on the [municipal] property/premises described below, unless such prohibition is rescinded in writing by the City official having control over the premises." *Catron* at ft note 2.

3

Department for innocent purposes under ordinary conditions that apply to other members of the public.[ DE 28 ¶ , 81] Furthermore, there is clear precedent for finding that an individual's right to remain in a public place has been clearly established for purposes of qualified immunity. *Kennedy v. City of Cincinnati*, 595 F.3d 327, 330 (6th Cir. 2010)

**II.     Trespassing an individual from public property without a meaningful opportunity to be heard is a procedural due process violation.**

Defendants have repeatedly attempted to distinguish *Catron* on the basis that the case involved trespasses from city parks, which are traditionally a public forum. However, the challenged St Petersburg ordinance allowed trespass warnings to be issued by "city employees or officials, or their designees, having control over a facility, building, or outdoor area, including municipal parks" and the Court's decision was not limited to city owned parks nor was it based upon plaintiffs being excluded from a "traditional public forum." The 11th Circuit's opinion in *Catron* is based upon the plaintiffs being excluded from city owned property without any meaningful pre-deprivation or post-deprivation procedure to challenge that exclusion. The decision in *Catron* is not limited to public parks, the Court specifically held that the "plaintiffs have a constitutionally protected liberty interest to be in parks *or on other city lands of their choosing that are open to the public generally*." *Id.* at 1266. *Catron* was decided more than a decade ago and has been cited repeatedly to establish that trespass warnings banning citizens from public property deprive the warning recipient of a constitutionally protected liberty interest. *See for example Jimenez v. City of Daytona Beach*, No. 6:15-cv-1494-Orl-31KRS, 2016 U.S. Dist. LEXIS 197341, at *6 (M.D. Fla. Feb. 1, 2016) )("Plaintiff's factual allegations that the City excluded them from Manatee Park through the issuance of a trespass warning that subjects persons to future arrests for entering

the parks is sufficient to state that they were deprived of a constitutionally protected liberty interest.") In *Kennedy v. City of Cincinnati*, 595 F.3d 327, 335-36 (6th Cir. 2010), the Court held that there is a constitutionally protected liberty interest in accessing a public swimming pool, which is hardly a traditional platform for free speech.

O'REILLY cites *McDonough v. Garcia*, 116 F.4th 1319, 1321 (11th Cir. 2024), to show that 'there was clearly no clearly established, bright-line rule as to what sort of restrictions were permissible in such nonpublic fora when Plaintiff was issued trespass warnings by the Gulfport Police Department at the request of Mr. O'Reilly in 2020 and 2021." *McDonough* is a first amendment case and does not establish that there is a lack of clear precedent that a citizen cannot be trespassed from public property without due process.

### III. O'REILLY violated LEE's right to substantive due process.

O'REILLY asserts that:

> To attempt to establish a liberty interest, Plaintiff again cites *Catron* as well as *City of Chicago v. Morales*, 547 U.S. 41 (1999). *Morales* was, however, a plurality opinion which was, once again, only related to traditional public fora.

*Morales* did not relate to "traditional public flora," the challenged ordinance forbade gang members from loitering "in any public place." Like *Catron*, *Morales* was not decided based upon free speech considerations. The argument that LEE has not established a protected liberty interest fails.

## CONCLUSION

O'REILLY has failed to identify any disputed issue of fact that precludes granting summary judgment to JESSE LEE on his procedural and substantive due process claims.

WHEREFORE, for the reasons stated above, Plaintiff Jesse Lee's Partial Motion for Summary Judgment should be granted.

> MARCY I. LAHART, PLLC
> 861 S. 40th Street
> Tacoma, WA 98418
> Telephone: (352) 545-7001
> Facsimile: (888) 400-1464
> Email: marcy@floridaanimallawyer.com
>
> BY: s/ Marcy I. LaHart
> Marcy I. LaHart, Esq.
> Florida Bar No. 0967009
> *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 2nd day of July, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a copy of the electronic filing and notice of its filing via electronic mail service to all counsel of record.

> BY: s/ Marcy I. LaHart
> Marcy I. LaHart, Esq.