UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:23-cv-02996-VMC-AEP

JESSE LEE,

    Plaintiff,
vs.

CITY OF GULFPORT and
JAMES O'REILLY

    Defendants.
_____/

### **DEFENDANT CITY OF GULFPORT'S REPLY TO PLAINTIFF'S RESPONSE TO CITY OF GULFPORT'S MOTION FOR FINAL SUMMARY JUDGMENT**

COMES NOW, CITY OF GULFPORT (the "City"), and hereby files its Reply to Plaintiff's Response to the City of Gulfport's Motion for Final Summary Judgment, and states:

At long last, Plaintiff concedes that he does not own a "mobile food dispensing vehicle," or a food truck, and that, therefore, the City can regulate his ice-cream cart. [Doc. 95, p.1]. Since Plaintiff does not own a "mobile food dispensing vehicle," this Court should grant summary judgment on Count II, in addition to Count I, on which Plaintiff has already stipulated to entry of summary judgment. Conspicuously missing from Plaintiff's Response to the City's Motion for Final Summary Judgment, which *again* does not follow the font type or size requirements for the Middle District, is any argument that Plaintiff's actions at City

Hall or the Building Department were acceptable or appropriate, or that they were consistent with the purposes of the nonpublic forums he was attempting to access. Also missing is anything refuting, or taking issue, with Defendant's repeated arguments that Plaintiff had already disrupted City Hall and verbally abused employees therein on numerous occasions prior to his ever being issued a trespass warning restricting his access thereto. Plaintiff instead concedes [Doc. 95] that the manner in which he used City Hall may have forfeited any liberty interest he had in accessing City Hall. He also insists that the First Amendment is not relevant.

However, it is well-settled law that the government "has [the] power to preserve the property under its control for the use to which it is lawfully dedicated." *Greer v. Spock*, 424 U.S. 828, 836 (1976). Consequently, the U.S. Supreme Court has "adopted a forum analysis as a means of determining when the Government's interest in limiting the use of its property to its intended purpose outweighs the interest of those wishing to use the property for other purposes." *Cornelius v. NAACP Legal Def. and Educ. Fund, Inc.*, 473 U.S. 788, 800 (1985). Accordingly, "the extent to which the Government can control access depends on the nature of the relevant forum." *Id*. This important distinction is one that Plaintiff does not seem to grasp, as it directly affects the degree of scrutiny applied to the exclusion of an individual from governmental property. *Id*. It is also clear that Plaintiff's Fourteenth Amendment claims regarding a putative liberty interest in accessing City Hall are predicated, whether explicitly or impliedly, on the First Amendment, as there is no other possible source of such an interest in the instant matter.

As for Plaintiff's arguments as to the alleged inadequacy of the City's Rule 26 initial disclosures, one of the factors a district judge may consider as to whether non-disclosure is substantially justified or harmless is the "surprise to the party against whom the evidence would be offered," and there was no surprise that Ms. Roach was a key witness with important testimony. Plaintiff's deposition confirmed this. *Neeper v. Carnival Corp.*, 754 F. Supp. 3d 1252, 1259 (S.D. Fla. 2024); Doc. 89-2, 41:19–42:1, 59:25–60:16, 61:1-3, 63:3-13, 64:11-14, 65:16–66:8, 68:1-7, 70:19–71:5 (asked about Ms. Roach's affidavit, LEE said, "I was not made aware of that until later, but yes, I am aware of it."). Plaintiff himself produced, as part of his document production in response to the City's First Request to Produce, an affidavit Ms. Roach provided documenting the hostile work environment that Plaintiff had created in City Hall before he was trespassed therefrom. Plaintiff could have deposed Ms. Roach following his own deposition but chose not to. Ms. Roach is a key witness who can support the timeline and nature of Plaintiff's interactions with employees and officials in City Hall, and any alleged failure to disclose her in a Rule 26 disclosure at the very beginning of this case was unintentional but nonetheless rendered moot and/or harmless thereafter.

On Count II, although Plaintiff *now concedes he does not own a mobile food dispensing vehicle*, he argues, based on admittedly boilerplate language in section 13-84(1), that it does not necessarily apply only to mobile food dispensing vehicles. Such an argument is absurd given that the sentence that precedes all subsections of Section 13-84 makes clear that it regulates "mobile food-dispensing vehicles,"

which are defined in Florida Statutes by the Legislature. The legislative backdrop and requirements contained therein make it clear that it was intended to impose some restrictions consistent with the requirements of § 509.102, Fla. Stat. *See generally* section 13-84; see also Mr. O'Reilly's Affidavit, Doc. 88-6, ¶¶ 18-21. Summary judgment should therefore be granted on Count II, as Plaintiff lacks standing.

Continuing to Counts III and IV of Plaintiff's Amended Complaint, even if this Court were to somehow find that issuing a trespass warning under the facts present here was conscience-shocking, there is no fundamental right at stake here. Plaintiff has no fundamental interest in accessing government-owned buildings which are nonpublic fora. Moreover, there are still no *Monell* allegations sufficient to create a genuine issue of material fact for trial. Plaintiff continually focuses on the "indefinite" nature of his trespass from City Hall—now apparently conceding that he was not banned from accessing it[1]—on these counts, yet the only evidence Plaintiff proffers of a *Monell* custom or policy is Gulfport's informal trespass policy itself, without producing any record evidence of prior or previous trespasses issued by the City to individuals other than LEE of an "indefinite" or "permanent" duration for government-owned properties. This is plainly insufficient to create a genuine issue as to a widespread pattern of conduct "so permanent and well settled as to constitute a 'custom or usage' with the force of law," which was a "moving

---

[1] Plaintiff's responses to the Defendants' motions for summary judgment claim that he has never claimed to have a right of unfettered access. Yet he has consistently embellished by claiming he was "banned" from City Hall when he has been, and is, allowed to go to public meetings therein.

force behind" a so-called constitutional violation. *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991).

Next, on Count V, not only is Plaintiff mistaken in thinking that evidence of a *Monell* custom or policy is not required for a § 1983 First Amendment Retaliation claim, *see DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1307 n.21 (11th Cir. 2019), which states the opposite—a point Gulfport's counsel thought was obvious enough to not require a citation—but as Plaintiff has conceded, Mr. O'Reilly was not involved in Plaintiff's arrest at the Gulfport Casino. *See* Doc. 95, pp. 12-13; Doc. 87-3, 32:8-14. Plaintiff has not only proffered no evidence of a *Monell* custom or policy on Count V, but it is readily obvious that no official with any policy-making authority was involved in Plaintiff's arrest on April 27, 2023. Furthermore, while Plaintiff *may* have been "50 feet away" from the *entryway* of the building, Plaintiff nonetheless concedes that he ignored an order to leave, and the video produced to this Honorable Court confirms that he was on the curtilage of the building adjacent to the steps into the building and right next to the handicap access entrance/exit ramp.

Finally, on Counts VI and VII of Plaintiff's Amended Complaint, former Police Chief Robert Vincent has been consistent in saying that the informal trespass policy the City's Police Department maintains is based on Florida statutory trespass law. Such is not a post-hoc rationalization but simply fact. Doc. 89-16, 41:9-17, 56:1-14. Plaintiff's counsel misreads the quotation she cites from *Lewis v. Arnold*, which is clearly saying that the plaintiff in that case would be

arrested for trespass *if he returned to the building*, as he had already been issued a trespass warning. Plaintiff again argues that he was not informed of the basis for his trespass warning—this is demonstrably false. *See* Doc. 92-4.

Here, on *Monell*, Plaintiff again relies wholly on the fact that Mr. O'Reilly and former Police Chief Vincent's testimony supports that the City has sometimes issued trespass warnings of an "indefinite" duration as a default, with the recognition that the trespass can appealed or rescinded. Plaintiff, however, did not pursue any discovery to establish anything demonstrating that individuals were previously trespassed from any type of governmental fora by the City in a way that is inconsistent with the types of permissible restrictions on access to such fora, or even that any of the properties from which individuals were trespassed were City-owned properties. Plaintiff has no knowledge or facts regarding the details of the other trespasses the City produced in this case because no discovery was pursued regarding such trespasses. Regardless, Plaintiff has not created a genuine issue of material fact regarding a *Monell* custom or policy.

In arguing a procedural due process violation, LEE has also continuously cited the *Catron* case, seemingly still believing that because City Hall is fully and always open to the public, he only needs to identify that putative liberty interest for the purposes of a § 1983 procedural due process claim. Yet he must show "not only a constitutionally-protected [liberty] interest, but also a governmental deprivation of that constitutionally-protected [liberty] interest," in order to prevail. *Arrington v. Helms*, 438 F.3d 1336, 1348 (11th Cir. 2006). Plaintiff was

trespassing on September 4, 2020, when he attempted to enter into a restricted area despite being warned that no one was allowed inside the Building Department, by repeatedly hitting the access button. He also had no liberty interest in demanding an immediate response to a public records request on September 14, 2021, or in filming employees. Therefore, there was no *governmental deprivation of the constitutionally protected liberty interest* he claims. Plaintiff's claims in Counts VI and VII therefore fail as a matter of law.

Dated July 3, 2025.

                                              Respectfully submitted,

                                              */s/ Donovan A. Roper*
                                              DONOVAN A. ROPER, ESQUIRE

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 3rd day of July, 2025, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties and pro se litigants.

                                              */s/ Donovan Roper*
                                              DONOVAN A. ROPER, ESQUIRE
                                              Florida Bar No.: 0858544
                                              IAN DEPAGNIER, ESQUIRE
                                              Florida Bar No.: 116385
                                              R. DUSTYN RING, ESQUIRE
                                              Florida Bar No.: 1049924
                                              **ROPER & ROPER, P.A.**
                                              116 North Park Avenue
                                              Apopka, FL 32703
                                              TEL: (407) 884-9944
                                              FAX: (407) 884-4343
                                              email@roperandroper.com
                                              dring@roperandroper.com
                                              lblackburn@roperandroper.com