**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.:  8:23-cv-02996-VMC-AEP

JESSE LEE,

      Plaintiff,

vs.

CITY OF GULFPORT and
JAMES O'REILLY

      Defendants.

_____/

**MOTION TO STRIKE EXHIBITS TO, AND NEW ARGUMENTS IN,**
**PLAINTIFF'S REPLY TO CITY'S RESPONSE TO HIS MOTION FOR**
**PARTIAL SUMMARY JUDGMENT**

COMES NOW, Defendant, CITY OF GULFPORT (the "City"), by and through the undersigned counsel, and hereby files this Motion to Strike Exhibits to, and New Arguments in, Plaintiff's Reply to the City's Response to Plaintiff's Motion for Partial Summary Judgment, and states:

1.      Plaintiff filed his Motion for Partial Summary Judgment [Doc. 87] on May 29, 2025.

2.      On June 19, 2025, the City filed its response to Plaintiff's Motion for Partial Summary Judgment. *See* Doc. 92.

3.      On July 2, 2025, Plaintiff filed his Reply to the City's Response to his Motion for Partial Summary Judgment. *See* Doc. 98.

4.     Attached to Plaintiff's Reply is a previously undisclosed set of exhibits which contains several trespass warnings that the City produced in response to Plaintiff's First Request to Produce documents on December 3, 2024. [Doc 98-1]. Plaintiff did not pursue any discovery on the trespass warnings produced in Doc. 98-1 or thereafter attempt to authenticate or otherwise inquire into the details of each trespass during any depositions in this case. Notably, these various trespasses involve a vast array of both public and private property commercial properties and traditional public fora, as well as non-public fora.

5.     Notably, Plaintiff did not argue anything regarding, OR attach these exhibits to his original Motion for Partial Summary Judgment, or in fact cite to <u>any</u> record evidence in opposition to Defendant's *Monell* arguments, besides depositions or what had already been filed with this Court in support of his arguments contained therein. *See generally*, Doc. 87. However, because Plaintiff neither argued nor attached these belatedly filed exhibits in his Motion for Partial Summary Judgment he has waived the right to do so now under Rule 56 of the Federal Rules of Civil Procedure and he should be barred from doing so.

6.     Plaintiff nonetheless now attempts to provide the exhibit as new evidence in support of an alleged *Monell* custom or policy as part of his Reply to the City's Response to his Motion for Partial Summary Judgment. *See* Doc. 98, p.4 (citing to "Exhibit 1").

7.     Plaintiff also included other new arguments not contained within his Motion for Partial Summary Judgment. *See id.*, p.5 (discussing the standard

applicable to challenges to legislative actions under a substantive due process analysis, despite not arguing that the City's informal trespass policy was legislative action in his initial Motion for Partial Summary Judgment, or otherwise challenging its ability to survive rational basis scrutiny therein); *but see* Doc. 87, pp. 9-10 (arguing that City Manager, Defendant JAMES O'REILLY's decision to trespass Plaintiff JESSE LEE was a violation of his substantive due process rights under the conscience-shocking standard, as executive action, but **not** arguing that any alleged legislative action on the City's behalf could not survive rational-basis scrutiny).

## MEMORANDUM OF LAW

A party cannot raise new arguments in support of summary judgment for the first time in a reply brief. *WBY, Inc. v. DeKalb Cnty.*, 695 F. App'x 486, 491-92 (11th Cir. 2017) (citing *Herring v. Secretary, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005)). Citing new evidence in a reply brief is also frowned upon by courts. "[W]here a new argument is made or new evidence is offered for the first time in a Reply, courts are required to either decide the matter on the merits of the record before it or permit an opportunity for response." *Ajomale v. Quicken Loans, Inc.*, No. 1:17-CV-539-JB-MU, 2020 WL 13553740, at *2 (S.D. Ala. July 7, 2020) (citing *Atl. Specialty Ins. Co. A.S. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901 (11th Cir. 2019) ("When faced with a reply brief that offers new evidence, a district court has two permissible courses of action. It can either (1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new material contained in

the reply brief. But it may not preclude the nonmoving party from filing a surreply and then grant summary judgment based on new material presented only in the reply brief.") (emphasis added).

"A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence." *Baltzer v. Midland Credit Mgmt., Inc.,* No. 14–20140–CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) (citing *Foley v. Wells Fargo Bank, N.A.,* 849 F.Supp.2d 1345 (S.D. Fla. 2012); *TCC Air Servs., Inc. v. Schlesinger,* No. 05–80543–CIV, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009)); *Goers v. L.A. Entm't Group, Inc.*, No. 2:15-CV-412-FTM-99CM, 2016 WL 8669874, at *4 (M.D. Fla. July 8, 2016), *report and recommendation adopted*, No. 2:15-CV-412-FTM-99CM, 2016 WL 4473184 (M.D. Fla. Aug. 25, 2016), *on reconsideration,* No. 2:15-CV-412-FTM-99CM, 2017 WL 78634 (M.D. Fla. Jan. 9, 2017). It is settled law that bringing up new facts in a reply brief is improper if no good reason exists for why the party could not have introduced the facts in its original motion. *See Gold v. Wolpert,* 876 F.2d 1327, 1331 n.6 (7th Cir. 1989).

In this case, Plaintiff did not attach the trespass warnings to his original Motion for Partial Summary Judgment, or include any arguments as to their relevance, admissibility, authenticity, or probative value as to the issues in this case. The evidence was clearly readily available and had been since December 3, 2024, and if it was going to be relied upon, it should have been argued and cited in

Plaintiff's original motion. Plaintiff again also pursued no discovery on the trespass warnings in Doc. 98-1, failing to either question any of the witnesses the City made available regarding them or otherwise serve any requests for admissions or other discovery related to the trespass warnings. It is difficult to see how the warnings would have any admissibility in evidence, given the fact that they involve numerous different factual circumstances in both private, public, and/or commercial premises (most of which are irrelevant herein). *See* Fed. R. Civ. P. 56(c)(2).

Moreover, any arguments made by Plaintiff in his Reply to the City's Response to his Motion for Partial Summary Judgment for the first time are improper and should not be considered by this Court. To the extent that Plaintiff's Reply argues that the trespass warnings in Doc. 98-1 constitute trespass warnings involving other individuals in similar circumstances, or that they only have expiration dates that are not of a limited duration, and therefore support a *Monell* custom or policy, that is **<u>not</u>** an argument that was made in his original Motion. It therefore should be stricken and ignored by this Court, as it should have been made in Plaintiff's original Motion.

Finally, Plaintiff's argument as to legislative actions being evaluated under a rational basis standard rather than the "conscience-shocking" standard applicable to executive actions under a substantive due process analysis, and the City's alleged trespass policy being a legislative action which would have to survive rational-basis scrutiny under his substantive due process claims, is one that he also demonstrably did *not* make in his original Motion. *See Starbuck v. R.J. Reynolds Tobacco Co.*,

349 F.Supp.3d 1223, 1229 (M.D. Fla. 2018); *see also* Doc. 87, pp. 9-10. It was therefore improper for Plaintiff to attempt to make this novel, and contrary, argument in his Reply to the City's Response to his Motion for Partial Summary Judgment, and the argument should also be stricken and/or ignored by this Court.

## CERTIFICATE OF 3.01(g) CONFERRAL

The undersigned reached out to Plaintiff's counsel prior to filing this Motion and discussed the issues via telephone. She indicated that she is opposed to the relief requested in this Motion.

Dated July 9, 2025.

Respectfully submitted,

*/s/ Donovan A. Roper*
DONOVAN A. ROPER, ESQUIRE
Florida Bar No.: 0858544

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2025, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties and pro se litigants.

*/s/ Donovan Roper*
DONOVAN A. ROPER, ESQUIRE
Florida Bar No.: 0858544
IAN DEPAGNIER, ESQUIRE
Florida Bar No.: 116385
R. DUSTYN RING, ESQUIRE
Florida Bar No.: 1049924
**ROPER & ROPER, P.A.**
116 North Park Avenue
Apopka, FL 32703
TEL: (407) 884-9944
FAX: (407) 884-4343

DAR/RDR:lb

email@roperandroper.com
idepagnier@roperandroper.com
dring@roperandroper.com
lblackburn@roperandroper.com