UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE LEE                                                    CASE NO. 8:23-02996-VMC-AEP

    Plaintiff,

v.

CITY OF GULFPORT

    Defendant

## PLAINTIFF JESSE LEE'S OMNIBUS MOTION *IN LIMINE*

Plaintiff JESSE LEE ("Plaintiff" and/or "LEE"), by and through undersigned counsel and pursuant to the Court's Fourth Amended Case Management and Scheduling Order and the Federal Rules of Evidence, submits the following motions *in limine*. In support, Plaintiff respectfully states:

    **I.**    **Background**

Defendants have consistently asserted that this Court should not even consider LEE's claims for violation of his due process rights because LEE has, based upon a litany of various bad acts, "forfeited any liberty interest" he had in being allowed to visit GULFPORT properties. [DE 15, 29, 47, 88, 89, 92, 93, 100, 101] It is unclear whether this unilateral and oft repeated proclamation that LEE has "forfeited any liberty interest" is a determination of GULFPORT, GULFPORT's City Manager, Defendant James O'Reilly, GULFPORT's attorneys, or all three, but what is clear is

that someone cannot forfeit a constitutionally protected liberty interest without due process, and at issue in this case is whether LEE was provided due process, not whether he should have been trespassed in the first place.

Among the "material facts" supposedly supporting Defendants' summary judgment motions are various allegations that LEE called the City Manager's assistant "a fucking lying bitch" or a "fucking liar," called a Gulfport resident a "dyke" and called two Gulfport residents "cunts."  GULFPORT also included as a material fact that, based upon having tossed a CD that struck a "high-level police officer," LEE "was arrested for felony battery on a law enforcement officer and plead guilty to the charge." [DE 88, 89]

LEE is justifiably concerned that when this case is tried Defendants will continue its gratuitous character assassinations. Accordingly, LEE moves for an order preventing the Defendants from mentioning or attempting to introduce evidence regarding his character, prior bad acts, arrests, convictions, or use of profanity.

Further, Defendants unsuccessfully attempted to file videos in support of their summary judgment motions which Defendants apparently think show how infinitely justified Defendant O'REILLY was in directing that two trespass warnings be issued to LEE. [DE 90] As previously stated in his opposition to "Defendants' Motion for Leave to File Physical Video Exhibits in support of Defendants' Motions

for Summary Judgment," [DE 91] this case is not an appeal of the merits of the trespass warnings. Nonetheless, LEE fears that Defendants will attempt to introduce evidence of the supposed underlying basis of the issuance of the trespass warnings and/or the videos Defendants proffered in support of their summary judgment motions. Such evidence is wholly irrelevant to whether LEE's due process rights were violated or to any other issue in this case.

Finally, on January 13, 2025 LEE noticed the deposition of GULFPORT through its corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), identifying 19 topics about which discovery was sought. GULFPORT did not object to the notice of deposition, and on January 21, 2025 produced GULFPORT's contracted City Attorney Andrew Salzman as GULFPORT's designated representative. [The notice is attached hereto as Exhibit 1, the transcript of GULFPORT's deposition is attached hereto as Exhibit 2.]

At his deposition, GULFPORT's designated corporate representative testified he was able to provide testimony on perhaps 3 of the 19 identified topics and described exceptionally minimal efforts to prepare for his testimony which apparently had not even included meeting with any GULFPORT employees or with GULFPORT's defense counsel. Because GULFPORT failed to produce a corporate representative prepared to answer questions about the vast majority of the matters identified in the deposition notice, or to make "a good faith, conscientious effort to designate

appropriate persons and to prepare them to testify fully and non-evasively about the subjects," *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012), LEE seeks to preclude new evidence on any of the identified topics about which GULFPORT's designated representative expressed a lack of knowledge.

### II.  Legal Standard

"Motions *in limine* are a prophylactic against the introduction of damaging evidence that could "'irretrievably affect the fairness of the trial.'" *Gov't Emp. Ins. Co. v. Seco*, No. 21-24155-CIV-MORE, 2022 U.S. Dist. LEXIS 223576, at *10 (S.D. Fla. Dec. 12, 2022). LEE seeks a prophylactic against anticipated inflammatory and irrelevant evidence regarding his criminal history, his use of profanity and any conduct which allegedly resulted in him being trespassed from GULFPORT owned properties and/or "forfeiting any liberty interest" LEE has in accessing publicly owned properties in GULFPORT. Additionally, LEE seeks an order prohibiting GULFPORT from introducing new evidence that materially deviates from the testimony of GULFPORT's designated corporate representative.

A court may exclude evidence *in limine* only when the evidence is clearly inadmissible on all potential grounds. *Sihler v. Glob. E-Trading, LLC*, No. 8:23-cv-1450-VMC-LSG, 2025 U.S. Dist. LEXIS 106564 (M.D. Fla. June 5, 2025). (citations omitted) Furthermore, trial judges enjoy considerable discretion in ruling on motions

*in limine.* " *Id.* at *4, citing *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) and *United States v. Jernigan*, 341 F.3d 1273, 1285 (11th Cir. 2003).

LEE's instant motion is wholly consistent with the "real purpose of a motion *in limine*," which is to inform the Court of the movant's position before unduly prejudicial evidence is actually offered at trial in order to prevent "the introduction of damaging evidence which may irretrievably effect the fairness of the trial…" *Sihler v. Glob. E-Trading, LLC, Id.* at *2. (citations omitted).

### III.     Argument

<u>Plaintiff's Motion *in Limine* No. 1</u>

**Defendants Should Be Barred From Introducing Evidence of Plaintiff's Criminal History**

Based upon Defendants' focus during discovery and the arguments asserted in their motions to dismiss, answers and motions for summary judgment, LEE anticipates that Defendants intend to introduce evidence of his criminal history in attempt to discredit him and prejudice the jury against him. Defendants should be barred from introducing this evidence because it is wholly irrelevant to Plaintiff's claims, has no probative value, and is unduly prejudicial.

LEE has never been found guilty of a crime that can properly be introduced to attack LEE's truthfulness. LEE was convicted of two counts of "outdoor sales without a permit," in violation of a municipal ordinance. LEE also plead guilty to

"assaulting" a law enforcement officer based upon having allegedly thrown a CD which struck a GULFPORT police officer on the back of his leg. Defendants have failed to mention LEE did so only in exchange for a withholding of adjudication, or that the only penalties imposed were a requirement that LEE serve 1 day of non-reporting probation and pay court costs and a $550.00 fine. The "Plea Form" signed by LEE on October 20, 2022 is attached hereto as Exhibit 3.

Pursuant to Fed. R. Evid. 404(b), evidence of a prior crime is inadmissible unless used to prove something other than character, such as motive, intent, or absence of mistake. LEE's unpermitted sale of frozen confections is irrelevant to any issue in this case, as is his guilty plea to the trumped-up charge of assaulting a police officer by allegedly flinging a CD at him. See *Jenkins v. Gen Motors Corp.*, 446 F.2d 377, 381 (5th Cir. 1971) (noting that "it is clear" in the "federal courts" that "it is improper for impeachment purposes to show the accusation, arrest, or indictment for a crime to use against a witness").

Plaintiff's Motion *in Limine* No. 2

**Defendants Should Be Barred From Introducing Evidence of Plaintiff's Prior Bad Acts**

While various explanations of why LEE was issued two trespass warnings have been posited by Defendants during the course of this litigation, whether LEE was pulling on the door of the building department or pushed the handicap access

button multiple times or was rude to City staff or cursed at a City Council meeting have no relevance to whether his due process rights were violated by being trespassed from City property, or to any other issue in this proceeding. Pursuant to Fed. R. Evid. 404(b), evidence of a person's character or character trait, or evidence of a prior bad act or crime, is inadmissible unless used to prove something other than character, such as motive, intent, or absence of mistake. Even if the evidence was otherwise relevant and offered for a proper purpose, it is subject to exclusion its probative value is substantially outweighed by a danger that it will lead to unfair prejudice, confusion of the issues, or wasted time. *See, e.g., Fresquez v. BNSF Ry. Co.*, 52 F.4th 1280, 1313 (10th Cir. 2022).

In the instant case, LEE is not challenging whether Defendant O'REILLY had a valid basis to trespass him from GULFPORT's City Hall or Building Department. Rather, he is challenging whether his due process rights were violated by the way he was permanently barred from returning to publicly owned property under threat of arrest and without an opportunity for appeal. Whether he was trespassed for abusive language or performing an interpretive dance in the lobby of GULFPORT City Hall in his birthday suit is irrelevant to his civil right case.

Plaintiff's Motion *in Limine* No. 3

**Defendants Should Be Barred From Introducing Evidence of Plaintiff's Use of Profanity**

Defendants have solicited and presented evidence from various individuals that LEE has used harsh language in his interactions with them or called them names that were unflattering and even vulgar. Evidence that LEE used abusive language or derogatory terms or curse words is not relevant to any issue in this case, and any references to his use of profanity should be barred. *See 38 Films, LLC v. Yamano,* Civil Action No. 3:16-cv-00198-MPM-RP, 2017 U.S. Dist. LEXIS 183967, at *6 (N.D. Miss. Nov. 6, 2017). ("The use of profanity by the plaintiffs or by any other witnesses has minimal probative value and a high possibility of potential prejudice against the plaintiffs, and as such, should be excluded. The court finds that the plaintiffs' request is well taken.…"), *United States v. Dill,* No. 1:11-cr-00026-TWP-KPF, 2011 U.S. Dist. LEXIS 139139, at *3 (S.D. Ind. Dec. 3, 2011). ("The Court agrees that the profane language itself is not relevant. The numerous instances of profane language are unduly prejudicial."), *Time Warner Ent. v. Steadfast Orchard Park, Ltd. P'ship,* No. EDCV 07-473-VAP (OPx), 2008 U.S. Dist. LEXIS 146657, at *8-9 (C.D. Cal. July 25, 2008). ("[T]he probative value of any evidence that Plaintiff's technician 'used abusive language, extreme profanity, curse words, derogatory terms, and the like,' even without reference to the specific words he uttered, is substantially outweighed by the prejudicial effect of such evidence.")

Plaintiff's Motion *in Limine* No. 4

**Defendants Should Be Barred From Introducing New Evidence on Topics that GULFPORT's Corporate Representative Could not Address**

During his deposition as GULFPORT's Corporate Deposition Attorney Salzman was asked which of the 19 topics he was prepared to testify about. Attorney Salzman stated:

> *There are some that I – just so you know, there are some I could probably give partial information, but not complete. I – the ones I cannot testify about are – two I couldn't give you a complete answer on. Three, I don't know. Four, every communication, probably not. Same as five. I mean, I'll give you the general communications that occurred. Six, not – not the police department information. Seven, not the police department information. Eight, I can tell you what I did. Nine, I can give you a general answer on that. Ten, I cannot give you that information. Eleven, I cannot give you that information. Twelve, I cannot give you that information. Thirteen, I cannot. Fourteen, it's only by hearsay. Fifteen, I can just give you the general policy. Sixteen, I don't know. I mean that – I didn't handle that matter. I mean 17 is – is subjective. Eighteen I cannot answer. Nineteen I just – I would have to look at those. [Ex 2 7:23-8:18]*

When further pressed by LEE's counsel: "So if I understand you, you're prepared to give testimony on maybe three of the 19 [subjects]?" Attorney Salzman responded "If that is what I said, then yes."  [Ex 2 8:5-9]

Despite having been designated by GULFPORT to be GULFPORT's corporate representative, Attorney Salzman's minimal efforts to prepare for his testimony apparently related only to one of the 19 topics listed as fodder for deposition,

specifically communications relative to the Defendant City's prosecution of LEE for unpermitted outdoor ice cream sales:

> *I think the only thing I did is look back at the case to some extent of Number 4 and 5, the two citation cases.[1] I looked at the Pinellas County court file, looked at some of the matters on that. I looked at the response to the motion to dismiss, and I looked to see if there was any communication in my file on -- on -- on -- meaning my records in my computer to see if there was anything that could answer any of these questions that you had.*

A corporation has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *QBE Ins. Corp. v. Jorda Enters*., 277 F.R.D. 676, 689 (S.D. Fla. 2012), citing *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534 (D. Nev. 2008).

The duty to prepare a Rule 30(b)(6) witness goes beyond matters personally known to the designee or to matters in which the designated witness was personally involved. *Id*. If a corporation lacks an employee or agent with sufficient knowledge of the specified topics to be addressed in a corporate representative's deposition, the corporate party "must prepare its designees by having them review available materials, such as fact witness deposition testimony, exhibits to depositions, documents produced in discovery, materials in former employees' files and, if necessary, interviews of former employees or others with knowledge." *Id*.

---

[1] Topic number four referenced the two citations for "unpermitted outdoor sales," topic number 5 was LEE's arrest while filming the Police Chief outside of the Gulfport Casino.

Noticeably absent from Salzman's response to questions regarding what he had done to prepare to testify as GULFPORT's corporate representative was meeting with GULFPORT's defense attorneys, speaking with any current or former GULFPORT employees, or even reviewing discovery documents or other information reasonably available to GULFPORT.

After Salzman admitted to being woefully unprepared to testify and having done nothing to prepare to testify regarding 18 of the 19 topics identified, GULFPORT offered to make the City Manager, Defendant O'REILLY, available to be deposed for a second time as its newly designated corporate representative. This offer was too little and too late to compensate for the complete failure of GULFPORT's counsel to produce a witness that had been properly prepared. The purpose of designating a corporate representative "is to curb any temptation by the corporation to shunt a discovering party from "pillar to post" by presenting deponents who each disclaim knowledge of facts known to someone in the corporation." *Id.*

A corporation must prepare its representative(s) to answer questions about the subject matter topics "fully, completely, and unevasively." *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 683, 685 (S.D. Fla. 2015), report and recommendation adopted, 310 F.R.D. 689 (S.D. Fla. 2015). GULFPORT was obligated to "produce live

witnesses who have been prepared to provide testimony to bind the entity and to explain the corporation's position."

This is not a case where the corporate representative could not answer a few questions over the course of a lengthy deposition. Here, GULFPORT's lawyers apparently did absolutely nothing to prepare Salzman to testify on the topics listed by Plaintiff, and Salzman, a lawyer himself, took no initiative to review anything except for a few documents concerning a single topic.

GULFPORT designated its corporate representative and had a duty to prepare that representative thoroughly based upon all of the information known collectively to the corporation.  Requiring a party to take multiple depositions because a corporation's counsel did not bother to prepare its designated witness to testify as to the noticed topics is contrary to the purpose of Rule 30(b)(6), which is to streamline discovery and ensure that a corporate party provides a single, coherent account of all information reasonably available to it.

Under the circumstances presented, GULFPORT should be bound by its designee's deposition testimony and precluded from offering evidence upon topics its corporate representative was wholly unprepared to address. See *Strategic Decisions, LLC v. Martin Luther King, Jr. Ctr. For Nonviolent Soc. Change, Inc.*, 2015 U.S. Dist. LEXIS 58814, 2015 WL 2091714, at *7 (N.D. Ga. 2015) ("When the 30(b)(6) representative claims ignorance of a subject during the deposition, courts have

precluded the corporation from later introducing evidence on that subject."); *Rainey v. American Forest & Paper Ass'n*, 26 F.Supp.2d 82, 94 (D.D.C. 1998) ("Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition."), *Galati v. Royal Caribbean Cruises Ltd.*, No. 23-cv-20655-BLOOM/Torres, 2024 U.S. Dist. LEXIS 119947, at *13 (S.D. Fla. July 9, 2024). ("[A] witness's "lack of knowledge answer is itself an answer which will bind the corporation at trial.") citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012), *see also Don Goyo Aviation Corp. v. Catlin Ins. Co.*, (S.D. Fla. Case No. 17-22390-CIV-COOKE/GOODMAN, September 27, 2018), ("As a natural consequence of Don Goyo expressing that it does not have knowledge as to these specific events, Don Goyo 'will not be allowed to effectively change its answer by introducing evidence at trial.'")

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JESSE LEE, respectfully requests that the Court grant his instant Motion and preclude Defendants from introducing the aforementioned evidence at trial.

## CERTIFICATION OF COMPLIANCE WITH RULE 3.01

Undersigned counsel certifies that she has conferred with opposing counsel who stated the request relief is opposed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of August, 2025 a true and correct copy of the foregoing has been furnished via CM/ECF electronic mail service to the Clerk of the Court who will send electronic notice to all counsel of record.

/s/*Marcy LaHart*
Marcy LaHart