UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE LEE                                            CASE NO. 8:23-cv-02996-VMC AEP

    Plaintiff

v.

CITY OF GULFPORT

    Defendant

### PLAINTIFF'S NOTICE OF TAKING RULE 30 (b)(6) DEPOSITION OF THE CITY OF GULFPORT

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. Rule 26 and (30)(b)(6) undersigned counsel will take the deposition of Defendant **City of Gulfport** through one or more officer, director, agent or other representatives who shall be designated to testify on behalf of Defendant **City of Gulfport** regarding all information known or reasonably available to Defendant **City of Gulfport** with respect to the subject matters/topics identified in Schedule A at the following place and time:

    Date:        January 21, 2025

    Time:       2:00 pm

    Location:   Lawyers' Reporting
                     8950 Dr M.L.K. Jr St N #160
                     St. Petersburg, FL 33702

The undersigned will take the deposition by oral examination before a Notary Public or other officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. This deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the applicable Federal

Rules of Civil Procedure.

KINDLY GOVERN YOURSELF ACCORDINGLY.

Dated: January 13, 2024

*BY:/s/ Marcy LaHart*
Marcy I. LaHart, Esq.
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
MARCY I. LAHART, P.A.
249 SE Tuscawilla Road
Micanopy, FL 32667
(352) 545-7001

## **SCHEDULE A**

With respect to the above-captioned matter and in accordance with Fed.R.Civ.P. 30(b)(6), Plaintiff designates the matters identified below for examination.

In construing the topics below, the following instructions and definitions shall apply.

1. All terms shall be construed to encompass as broad a range of information as permitted under the Federal Rules of Civil Procedure.

2. "Document" is to be construed in its broadest sense under Federal Rules of Civil Procedure 33, 34 and 45, including, without limitation, all pictures, photographs, videotapes, drafts, maps, diagrams, sketches, tape recordings, statements (whether signed or unsigned), interviews, reports, correspondence, notices, letters, emails, text messages, invoices, bills, memoranda, orders, directives, regulations, summaries, transcripts, books, manuals, brochures, or drafts, copies or other preliminary material which are different in any way from the executed or final document, and any paper or other writing, data, database, or information whatsoever, whether stored in tangible, electronic, mechanical or digital form or representation of any kind (including (i) materials on or in computer tapes, disks, hard drives, and/or memory and (ii) backup copies and "deleted" files on a computer or computer storage device or media) whether located on-site or off-site.

3. "Relative to," "relating to," "relating thereto," "regarding" or "concerning" means containing, embodying, referring to, or in any way pertaining to the substance of the particular matter being inquired of.

4. To "describe," "describing," "describe in detail," "state," or "state in detail" shall mean to relate as completely as possible each and every act, omission, termination, event, condition, circumstance, or thing directly or indirectly concerning the subject matter of the description, listing all pertinent dates, and, without limiting the foregoing, to identify all documents,

persons, communications, locations directly or indirectly related thereto.

5. To "identify" a person shall also include persons or an entity and shall mean to provide the name, address, email address, and phone number of the person or entity. If the person, persons, or entity being identified is an employee, agent, representative or contractor of the City, "identify" shall mean to also provide the job title, job description, and job duties of the person or entity.

6. To "identify" a document, as provided herein, means to describe the title of the document, the date, the author or authors of the document, the location of the document, and current custodian thereof.

7. "Communication," unless otherwise modified, means verbal, graphic, digital, and electronic communication and communication by document.

8. "The named Plaintiff" or "Plaintiff" shall mean Plaintiff Jesse Lee.

9. "Defendant City" refers to Defendant City of Gulfport, alias, and any person or entity acting under its direction or control or on its behalf.

10. "Defendant OReilly" refers to Defendant James OReilly, alias, and any person or entity acting under his direction or control or on his behalf.

11. "Relevant Period" shall mean the time period including and between January 21, 2020, through January 21, 2024.

**The deponent(s) shall be prepared to address the following subject matters/topics:**

1. The origin of the trespass policy referenced by Defendant O'Reilly in his July 16, 2019 email which is attached to the complaint in this matter as Exhibit One, and any amendments that have been made to the trespass policy, which was described as:

    *a policy whereby supervisors of individual city facilities are empowered to issue trespass warnings whenever they have reason to believe an individual has caused or is likely to cause a disruption of services or put the safety of staff or the public at risk*

2. Any and all review, analysis, evaluation, or assessment conducted by Defendant City or of which Defendant City is aware during the relevant time period related to the City's trespass policy.

3. How supervisors of individual city facilities determine when an individual is likely to cause a disruption of services of put the safety of staff or the public at risk.

4. Every communication relative to the Defendant City's prosecution of Plaintiff in the County Court for Pinellas County regarding Cases # 20-14077 and #20-14469.

5. Every communication relative to the prosecution of Plaintiff in the Circuit/County Court for Pinellas County regarding Case # 23-05580-MM-1.

6. Any and all policies, procedures, general orders, and directives in effect as to Defendant City Police Department during the relevant time period regarding issuance and or enforcement of the Defendant City's trespass policy, including but not limited to descriptions of how and why the Defendant City has such policies, procedures, general orders, and directives in place for the City Police Department with respect to this topic.

7. Any and all policies, procedures, general orders, and directives in effect as to Defendant City Police Department during the relevant time period regarding the duration of a trespass warning issued pursuant to the Defendant City's trespass policy.

8. All investigative efforts made by the Defendant City to determine whether Plaintiff's ice-cream cart is a "food truck" regulated by the Florida Department of Business and Professional Regulation or a "mobile food dispensing vehicle" regulated by the Florida Department of Agriculture.

9. All investigative efforts made by the Defendant City to determine that the people Plaintiff observed operating food trucks in 2019 "had food truck permits from DBPR" and/or "were not operating in the WRD, CL-1, or CL-2 districts" including the identity of the City employee who verified the existence of the food truck permits and/or zoning.

10. All laws and or ordinances violated by Plaintiff Lee which resulted in him being issued a trespass warning on September 4, 2020 and explain why the duration of the trespass warning was "indefinite," including the identity of witnesses to Plaintiff Lee's conduct that violated the statutes or ordinances and the identity of whomever determined that the length of the trespass would be "indefinite."

11. Any warnings given to Jesse Lee prior to him receiving a trespass warning on September 4, 2020.

12. All laws and or ordinances violated by Plaintiff Lee which resulted in him being issued a trespass warning on September 14, 2021 and explain why the duration of the trespass warning was "permanent," including the identity of witnesses to Plaintiff Lee's conduct that violated the statutes or ordinances and the identity of whomever determined that the length of the trespass would be "permanent."

13. Any warnings given to Jesse Lee prior to him receiving a trespass warning on September 14, 2021.

14. Appeals of trespass warnings to the City Manager.

15. Defendant City's criteria to approve or deny permission for a mobile food-dispensing vehicle on public property or within the public rights of way in conjunction with a special event permit pursuant to Section 13-84(2) of the City of Gulfport Code of Ordinances

16. The dismissal of Case # 23-05580-MM-1 against Plaintiff.

17. Plaintiff's "demonstrated tendency" to cause problems and/or disrupt public events.

18. The facts constituting probable cause for Plaintiff's arrest outside the Gulfport Casino on April 27, 2023.

19. Defendants' affirmative defenses to the claims alleged in Plaintiff's Amended Complaint.
.

## CERTIFICATE OF SERVICE

I HEREBY CERITIFY that a true and correct copy of the foregoing was served on this 13th day of January, 2024 by electronic mail to Donovan A. Roper Esq. and Dustyn Ring Esq., ROPER & ROPER, P.A. 116 North Park Avenue, Apopka, FL 32703 to the following email addresses:

email@roperandroper.com

donroper@roperandroper.com

dring@roperandroper.com

BY: *s/Marcy LaHart*
Marcy LaHart, Esq.